WORCESTER INSURANCE COMPANY

v.

DAIRYLAND INSURANCE COMPANY et al.

Supreme Judicial Court of Maine.

Argued Jan. 9, 1989.
Decided March 10, 1989.

Gerald F. Petruccelli (orally), Deborah J. Rowe, Petruccelli & Cox, Portland, for plaintiff.

Martica S. Douglas, Jonathan B. Huntington (orally), Hewes, Douglas, Whiting & Quinn, Portland, for Dairyland.

Edward S. David, Walter Hanstein, III, Paul R. Dumas, Jr. (orally), Cloutier, Joyce, Dumas & David, Livermore Falls, for Baxters.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

GLASSMAN, Justice.

This appeal concerns insurance provided to Darren B. Smith by a homeowner's insurance policy issued by the plaintiff, Worcester Insurance Company (Worcester), and an automobile insurance policy issued by Dairyland Insurance Company (Dairyland). Worcester filed an action against the defendants, Dairyland, Kristin M. Baxter and her parents William and Nancy Baxter (Baxters), Darren B. Smith and his father, Bayne H. Smith (Smiths), and Ricky C. Robinson and his father, Clifton Robinson (Robinsons), seeking, *inter alia*, a declaratory judgment that its homeowner's policy did not cover the Baxters' claims against the Smiths. Worcester also sought reimbursement from Dairyland for the expenses incurred by Worcester in providing a defense for Darren Smith.

After a hearing on Worcester's motion for a summary judgment, the Superior Court (Androscoggin County, *Delahanty, J.*) held that Worcester was not liable under its policy for the Baxters' claims and was not required to continue to provide a defense for the Smiths against such claims. The court also held that Worcester could not recover its defense costs expended on behalf of Darren Smith from Dairyland and entered a judgment for Worcester on the first issue and for Dairyland on the other issue.

The Baxters appeal the ruling regarding Worcester's liability and Worcester cross-appeals from the denial of its claim for reimbursement of its costs from Dairyland. We affirm the judgment.

I

The coverage issues in this case arise from an action filed by the Baxters against the Smiths and Robinsons seeking damages for a gunshot wound suffered by Kristin Baxter because of the alleged negligent handling by Darren Smith of a rifle owned by the Robinsons. Worcester began the investigation of the Baxters' claims and the defense of the Smiths. Through discovery procedures, Worcester became aware that Kristin's injury occurred while Darren was

loading the rifle into the open back of his pick-up truck.

The Worcester homeowner's policy contains the following coverage exclusion:

1. **Coverage E—Personal Liability and Coverage F—Medical Payments to Others** do not apply to **bodily injury or property damage:**

. . . .

e. arising out of the ownership, maintenance, use, loading or unloading of:

. . . .

(2) a **motor vehicle** owned or operated by, or rented or loaned to any **insured** . . . .

**(Boldface in original).** Accordingly, Worcester filed this action for declaratory judgment on the issue of noncoverage and notified Dairyland of its possible liability on the Baxter claims.

## II

 We first address the contention of Worcester that because the Baxters were not parties to the insurance contract between Worcester and the Smiths, they cannot appeal the judgment of the Superior Court. 14 M.R.S.A. § 1851 (1980) provides, "In any civil case any party aggrieved by any judgment, ruling or order may appeal therefrom to the law court. . . ." A party is aggrieved if it appears "that the Court's ruling, order or judgment operates prejudicially and directly upon his property, or his pecuniary or personal rights." *Desmond v. Persina,* 381 A.2d 633, 637 (Me. 1978). The Baxters were named defendants in the action for a declaratory judgment brought by Worcester and have a pecuniary interest in the resources available to the Smiths to satisfy any recovery they may secure in their action against them. It is apparent that the summary judgment for Worcester diminished those resources, and accordingly, the Baxters are entitled to appeal that judgment.

## III

We next address the contention of the Baxters that the trial court erred in finding that there is no genuine issue of material fact as to whether Kristin's injury falls within the exclusionary provision of the Worcester insurance policy.

 In reviewing a motion for summary judgment, we view "the evidence in the light most favorable to the party against whom the motion has been granted and accord that party the full benefit of all favorable inferences that may be drawn from the evidence." *Lidstone v. Green,* 469 A.2d 843, 845 (Me.1983). We examine "the record to determine whether it supports the Superior Court's conclusion that there was no genuine issue as to any material fact, and that [Worcester was] entitled to a judgment as a matter of law." *Id.* Examining the evidence in the light most favorable to the Baxters, although there may be an issue of fact as to how the shooting injury actually occurred, the court properly found that there is no genuine issue of material fact as to whether Darren Smith was in the process of loading his gun into the vehicle at the time Kristin Baxter was shot.

The issue of coverage in the instant case is controlled by our decision in *Union Mutual Fire Insurance Co. v. Commercial Union Insurance Co.,* 521 A.2d 308 (Me. 1987). In *Union Mutual* we held that a similar exclusionary clause in a homeowner's policy was applicable if the gunshot wound was inflicted on a claimant at the time the insured was loading the gun into or unloading it from a vehicle. *Id.* at 311–12. It is the activity in which the insured is engaged at the time the gun fired that provides the temporal and spatial nexus that is determinative of the applicability of this exclusion in a homeowner's insurance policy. Here, having determined that there was no genuine issue of material fact that Darren Smith was loading the gun into his pick-up truck at the time Kristin Baxter suffered the gunshot injury, the trial court properly held the exception in Worcester's homeowner's insurance contract with Darren Smith was applicable and granted a summary judgment to Worcester on this issue.

## IV

By its cross-appeal Worcester argues that because its homeowner's policy did not

cover the shooting incident, it had no obligation to defend and therefore was entitled to full reimbursement from Dairyland for its litigation costs expended on behalf of Darren Smith. We disagree. The Baxters' personal injury claim against Darren Smith alleged, *inter alia*, that he was using the rifle in a negligent and careless manner on the property of Bayne Smith when he shot Kristin Baxter. At the time Worcester initiated its defense of Darren there was a potential that the alleged facts if ultimately proved might come within Worcester's homeowner's insurance policy issued to Bayne Smith. Through discovery Worcester became aware that the injury occurred while Darren was loading the rifle into his truck and concluded that the incident fell within the exclusionary provision of Worcester's policy. Worcester notified Dairyland of its possible liability under its motor vehicle policy, and Dairyland undertook the defense of Darren. Worcester also filed this declaratory judgment action seeking a judicial determination that the personal injury claim was not covered by the Worcester policy and Worcester did not have a duty to defend.

We have previously stated that an insurance carrier has the initial duty to defend an insured "[w]here there is [a] *'potential* shown in the complaint that the facts ultimately proved may come within the coverage.'" *Merrimack Mut. Fire Ins. Co. v. Brennan*, 534 A.2d 353, 354 (Me.1987) (emphasis in the original) (quoting *Travelers Indem. Co. v. Dingwell*, 414 A.2d 220, 226 (Me.1980)). Facts known to an insurer by investigation or otherwise which prove noncoverage "do not relieve the insurer of its obligation to defend, unless the duty is discharged by means of a declaratory judgment action." 7C J. Appleman, *Insurance Law and Practice* § 4683, at 52 (1979) (citations omitted). "A determination in insurer's subsequent declaratory relief action that insurer was not liable under policy terms would not have the effect of retroactively relieving insurer of duty to defend, but, once judgment in relief action became final, insurer's duty to defend actions ceased." *Id.* § 4686, at 174.

■ Applying these established principles to the facts of this case, we hold that the summary judgment granted to Worcester relieves Worcester of any duty to defend further against the Baxters' claims, but it does not retroactively relieve it of its initial duty. Accordingly, the trial court properly determined that, in the circumstances of this case, Dairyland is not obligated to reimburse Worcester for expenses incurred by Worcester in the fulfillment of its initial duty to defend Darren Smith against the claims set forth in the Baxters' complaint.

The entry is:

Judgment affirmed.

All concurring.