Arnold FEINERMAN, Trustee
of Amy Trust

v.

Donal B. BARRETT.

Supreme Judicial Court of Maine.

Submitted on briefs March 4, 1996.

Decided April 9, 1996.

---

Jens–Peter W. Bergen, Kennebunk, for Plaintiff.

Anthony J. Giunta, Ellsworth, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

1.  Lee O. Barrett, since deceased, was also named as a party defendant. Pursuant to M.R.Civ.P. 25, Donal Barrett, as surviving joint tenant of the property at issue, caused Lee Barrett's death to be suggested on the record.

2.  Because of an undischarged federal tax lien on the property, the United States of America was

GLASSMAN, Justice.

Donal B. Barrett[1] appeals from the summary judgment entered in the Superior Court (Hancock County, *Mead, J.*) in favor of Arnold Feinerman, Trustee of Amy Trust, on Feinerman's complaint,[2] pursuant to 14 M.R.S.A. §§ 6321–6325 (Supp.1995), alleging the Barretts' default on a promissory note secured by a mortgage on real property located in Sorrento and seeking a judgment of foreclosure and sale of that property. Barrett contends the court erred by finding that he waived his right to rescind the loan transaction with Feinerman. Feinerman cross-appeals, contending that the court erroneously failed to award him the default charges provided in the promissory note. We affirm the judgment.

The record reflects that on June 14, 1989, the Barretts executed and delivered to Feinerman a promissory note in the principal amount of $57,500 secured by a mortgage interest in properties located in Massachusetts and in Maine. The note, *inter alia,* provided that the transaction would be governed by the laws of Massachusetts. It further provided for a default charge of three percent a month on the outstanding balance and a late charge of three percent a month on the principal and interest payment. On the same date that they executed the note, the Barretts also signed the following document:

### WAIVER OF RIGHT TO CANCEL

I have been informed that I have a right to cancel the mortgage given by us on property located at Waukeag Avenue, Sorrento, Maine and 11 Pleasant Street, Dover, Massachusetts.

Because of a bona fide personal emergency, described herein, I hereby waive my right to cancel this mortgage transaction.

My emergency is as follows:

also named as a party defendant. Following the filing of an answer to the complaint and pending a hearing on the motions for a summary judgment filed by Feinerman and Barrett, the United States filed a letter stating it had no objection to the motions.

First mortgagee's deadline for curing first-mortgage default expires on June 15, 1989, and funds therefor are to come from this financing.

In response to the present complaint filed by Feinerman against Barrett, Barrett filed an answer setting forth a number of affirmative defenses. After a hearing on the motions for a summary judgment filed by each of the parties, the court, determining that Massachusetts law governs the present action and that the Barretts had waived their right to rescind the mortgage transaction, granted Feinerman's motion. From the summary judgment entered in favor of Feinerman, providing, *inter alia,* that Feinerman was entitled to the principal balance of $57,-500, accrued interest of $39,848.55, attorney fees and disbursements of $1,118.48, for a total of $98,467.03, both parties appeal.

A summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits, if any, establish there is no genuine issue as to any material facts and that any party is entitled to a judgment as a matter of law. M.R.Civ.P. 56(c). "On appeal, we view the evidence in the light most favorable to the party against whom judgment was rendered, and review the court's decision for error of law." *Commercial Union Ins. Co. v. Royal Ins. Co.,* 658 A.2d 1081, 1082 (Me.1995).

■ Barrett contends the trial court misapplied the Massachusetts Truth in Lending Act by its determination that the Barretts waived their right to rescind the transaction. He first argues that because the waiver "appears to be printed," it violates the Code of Massachusetts Regulations. We disagree. Obligors who use their residence for security for a loan are permitted to rescind the transaction until midnight of the third business day following the consummation of the transaction. Mass.Gen.Laws Ann. ch. 140D, § 10(a) (1991). The Code of Massachusetts Regulations provides:

> The consumer may modify or waive the right to rescind if the consumer determines that the extension of credit is need-ed to meet a bona fide personal financial emergency. To modify or waive the right, the consumer shall give the creditor a dated written statement that describes the emergency, specifically modifies or waives the right to rescind, and bears the signature of all of the consumers entitled to rescind. Printed forms for this purpose are prohibited.

Mass.Regs.Code tit. 209, § 32.23(5). Barrett's reliance on *Rodash v. AIB Mortgage Co.,* 16 F.3d 1142 (11th Cir.1994), in which the court determined the trial court erred as a matter of law in holding that the federal Truth in Lending Act had not been violated,[3] is misplaced. In *Rodash,* the court, *inter alia,* considered whether the obligor had waived her right to rescind the loan transaction by signing a preprinted document that stated:

> The undersigned hereby acknowledges and affirms that on or before *January 18, 1991,* each of us received two copies of the annexed "Notice of Right to Cancel." Furthermore, the undersigned hereby acknowledges and affirms that each of us have [sic] elected not to cancel the transaction to which the annexed Notice relates.

/s/ *Martha Rodash*

Except for the italicized portions, which were handwritten, the court found the statement to be "typewritten boilerplate." *Id.* at 1145 n. 2. The court determined that the federal Truth in Lending Act and its implementing regulations allow an obligor to waive her right to rescind only when she "believes that a bona fide emergency necessitates an immediate extension of credit, in which case [she] must sign a dated, handwritten statement that describes the emergency." *Id.* at 1145–46. Accordingly, because AIB Mortgage attempted to modify Rodash's rescission rights by having her sign a preprinted waiver, the court concluded that the waiver was invalid. *Id.* at 1146. In the instant case, the record supports the trial court's finding that the waiver signed by the Barretts contains a statement, handwritten by either Donal or

---

**3.** With a limited exception, not applicable in *Rodash,* the regulation implementing the federal Truth in Lending Act prohibits the use of printed forms for the waiver of an obligor's right to rescind. 12 C.F.R. 226.15(e) & 226.23(e) (1995).

Lee Barrett, setting forth the emergency necessitating the immediate extension of credit. Accordingly, the court properly determined that the waiver met the requirements of the Code of Massachusetts Regulations title 209, section 32.23(5).

We find no merit in Barrett's argument that the trial court erred by not considering his claim that various errors in the disclosure statement entitled the Barretts to rescind the agreement within a four-year period. We note in the first instance that Barrett does not claim Feinerman failed to provide the required disclosures prior to the Barretts' execution of a waiver. We further note that the inaccuracies in the disclosures presently claimed were not presented to the trial court. Section 10(f) of chapter 140D of the Massachusetts General Laws provides that an obligor's right of rescission expires four years after the date of consummation or on sale of the property, whichever occurs first, notwithstanding the nondelivery to the obligor of required information, forms or disclosures. Mass.Gen.Laws Ann. ch. 140D, § 10(f) (1991). The associated regulation provides in pertinent part:

> The consumer may exercise the right to rescind until midnight of the third business day following consummation, ... or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire four years after consummation, upon transfer of all the consumer's interest in the property, or upon sale of the property, whichever occurs first....

Mass.Regs.Code tit. 209, § 32.23(1)(c) (footnote omitted). The Code of Massachusetts Regulations defines "material disclosures" as "the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total of payments, and the payment schedule." *Id.* n. 48. As applied by the court to the evidence before it, these sections, together with Code of Massachusetts Regulations title 209, section 32.23(5),

support the trial court's determination that the Barretts waived their right to rescind the loan transaction and that it was unnecessary to consider Barrett's claims of error in the disclosure statement. *See Rodash,* 16 F.3d at 1145–46 (only after determining invalidity of obligor's waiver did court consider obligor's claim that creditor's nondisclosures entitled her to extended three-year [4] period for rescission).

By his cross-appeal, Feinerman contends the trial court erred by not awarding him a default charge in the amount of $22,425. He argues that this charge is permitted pursuant to the Massachusetts Truth in Lending Act and requests that we modify the summary judgment entered in the trial court to include this figure. The record reflects that by his affidavit in support of his motion for a summary judgment, Feinerman stated:

> As of July 21, 1994, the amount due me in my capacity as Trustee of Amy Trust under the terms of [the] Mortgage Note were: principal balance—$75,137.80; accrued interest—$39,848.55; for a total due of $114,986.35, with additional interest accruing on said principal balance from July 22, 1994 at the rate of $38.61 per day.

It is patent on the face of this affidavit that not only does the principal amount claimed vary from the face of the promissory note, but that there is no claim for a default charge. Nor did Feinerman seek an amendment to the judgment pursuant to M.R.Civ.P. 59(e). Accordingly, on this record we reject Feinerman's request to modify the summary judgment.

The entry is:

Judgment affirmed.

All concurring.

---

4. The regulations implementing the Massachusetts Truth in Lending Act provide a four-year period in which an obligor may rescind a transaction on the basis of material nondisclosures by the creditor. Mass.Regs.Code tit. 209, § 32.23(1)(c), the regulation implementing the federal Truth in Lending Act provides only a three-year period. 12 C.F.R. 226.15(a)(3) & 226.23(a)(3) (1995).