Bernard P. VIGNA, Jr., et al.

v.

**ALLSTATE INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Argued Sept. 3, 1996.
Decided Nov. 26, 1996.

John A. Graustein (orally), Christopher G. Jernigan, Drummond, Woodsum & MacMahon, Portland, for Plaintiffs.

Martica S. Douglas (orally), Douglas, Whiting, Denham & Rogers, Portland, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Plaintiffs Bernard P. Vigna and Claudia B. Pott appeal from the summary judgment entered in the Superior Court (Sagadahoc County, *Cole, C.J.*) in favor of their liability insurer, defendant Allstate. On appeal, plaintiffs contend that the Superior Court erred in ruling that Allstate had no duty to defend an action brought against them by a third party. We agree, and we vacate the judgment.

The facts as developed for purposes of the summary judgment may be summarized as follows: At all relevant times plaintiffs were insured by Allstate pursuant to a "Deluxe Homeowner's Policy" and a "Personal Umbrella Policy." In 1994, plaintiffs were sued by a building contractor for failure to pay for renovations to their house. The complaint sought enforcement of a mechanic's lien; compensatory damages on the theories of breach of contract, quantum meruit, unjust enrichment, and promissory estoppel; and punitive damages. The separate count for promissory estoppel alleged that the contractor suffered "emotional pain and suffering" as a result of his reasonable reliance on plaintiffs' promises to pay. After Allstate declined to defend the complaint, plaintiffs commenced this action seeking a declaration that Allstate has a duty to defend. On cross-motions for summary judgment, the Superior Court denied plaintiffs' motion, granted Allstate's motion, and found no duty to defend. Plaintiffs now appeal.

Whether an insurer has a duty to defend in a particular case is a question of law, *Commercial Union Ins. v. Royal Ins. Co.*, 658 A.2d 1081, 1082 (Me.1995), and we review the trial court's decision *de novo*. *Gibson v. Farm Family Mut. Ins. Co.*, 673 A.2d 1350, 1352 (Me.1996). We determine the duty to defend by comparing the allegations in the underlying complaint with the provisions of the insurance policy. *Commercial Union* 658 A.2d at 1082. If a complaint reveals a *"potential ... that the facts ultimately proved may come within the coverage,"* a duty to defend exists. *Travelers Indem. Co. v. Dingwell*, 414 A.2d 220, 226 (Me.1980). "Even a complaint which is legally insufficient to withstand a motion to dismiss gives rise to a duty to defend if it shows an intent to state a claim within the insurance coverage." *Id.* (citations omitted).

In the present case, the court based its ruling on the determination that "a failure to pay for services is not an 'accident or continuous exposure to conditions' within the meaning of the policies." The court also stated that "[t]hese policies were not intended to cover claims arising out of a breach of a contract or promise." Because the court read the phrase "accident or occurrence" too narrowly, and because Allstate's policies do not exclude coverage for bodily injury arising from contract-related disputes, the court erred in ruling that the complaint revealed no *potential* for a covered claim. A correct application of the comparison test establishes the existence of a duty to defend.

The Allstate Homeowner's policy provides liability coverage for "bodily injury or property damage arising from an accident...." "Accident" is not defined in the policy. The Allstate Umbrella policy provides liability

coverage for "personal injury or property damage caused by an occurrence." "Occurrence" is defined as an "accident or a continuous exposure to conditions." "Personal injury" is defined in the Umbrella policy to include "bodily injury" and "mental anguish and mental injury."

■ Unless excluded, a claim for emotional distress triggers an insurer's duty to defend under "bodily injury" coverage if the emotional distress is caused by an "accident or occurrence" within the meaning of the policy. In *Maine Bonding v. Douglas Dynamics*, 594 A.2d 1079 (Me.1991), we held that an insurer had a duty to defend a claim for emotional distress allegedly caused by a wrongful discharge from employment because "it is possible, albeit remotely so, that there would be coverage if the plaintiff can establish that he suffered 'bodily injury, sickness or disease' as a result of emotional distress caused by his discharge." *Id.* at 1081.

In the present case the emotional distress allegedly arose from plaintiffs' act of withholding payment after having induced performance by their promise to pay. Allstate argues that the act of withholding payment was deliberate and intentional, and cannot constitute an "accident" or "occurrence." An "accident" is an unanticipated event. The "accidental" nature of an event for purposes of a standard liability insurance contract, however, does not derive from the voluntariness of the act, but rather from the unintentional nature of the consequences flowing from the act. *Gibson v. Farm Family Mut. Ins. Co.*, 673 A.2d 1350 (Me.1996). In *Gibson* we found a duty to defend a neighbor's suit for trespass by the insured. We stated:

> Farm Family argues that all the neighbors' allegations against the Gibsons involve intentional acts by the Gibsons and liability for such acts therefore is excluded from coverage. . . . If, however, under any circumstances any of the harms claimed in the neighbors' lawsuits could constitute an accidental unintended consequence of an act allegedly committed intentionally by the Gibsons, the Gibsons' liability for such harm would be the result of an uninten-

tional "occurrence" within the coverage of the Farm Family policy.

*Id.* at 1353 (citation omitted). *Also see Burns v. Middlesex Insurance Company*, 558 A.2d 701, 702 (Me.1989) (duty to defend intentional tort where insured may not have "subjectively wanted, or subjectively foresaw bodily injury"), and *Massachusetts Bay Insurance Company v. Ferraiolo Construction*, 584 A.2d 608 (Me.1990) (duty where gravel pit excavator may not have "intended" to cause damage). The building contractor's complaint does not allege that the emotional distress was intentionally caused nor does Allstate argue that it was. The fact that payment was withheld voluntarily does not inexorably place the consequences of that conduct outside the scope of the meaning of an "accident or occurrence."

■ Allstate next advances the court's ruling that plaintiffs' conduct did not constitute an "accident or occurrence" because "[t]hese policies were not intended to cover claims arising out of a breach of a contract or promise." We agree that these policies were *not* intended to cover the economic loss that flows from a breach of contract or promise. Economic injury does not constitute "property damage" for purposes of insurance coverage. *L. Ray Packing Co. v. Commercial Union Ins.*, 469 A.2d 832, 835 (Me.1983). Both policies, however, *are* intended to cover bodily injury that accidentally results from conduct. The fact that the conduct causing the bodily injury occurs in the context of a contract-related dispute, does not preclude the potential for coverage under the policies.

We also reject Allstate's request that we adopt the rule that prevails in California. In *Waller v. Truck Ins. Exchange*, 11 Cal.4th 1, 44 Cal.Rptr.2d 370, 900 P.2d 619 (1995) and *Keating v. National Union Fire Ins. Co. of Pittsburgh*, 995 F.2d 154 (9th Cir.1993) (interpreting California law), the courts reasoned that emotional and physical distress claims associated with contract or business-related disputes are parasitic claims derivative of underlying economic losses. The courts held that these derivative claims were outside the scope of the liability insurance policy and found no duty to defend. Under such an analysis, the insurer escapes its con-

tractual obligations to defend because of the presumed link between economic loss and bodily injury. Such an analysis is inconsistent with our decisions in *Commercial Union v. Royal Ins. Co.*, 658 A.2d 1081 (Me.1995), and *Maine Bonding v. Douglas Dynamics*, 594 A.2d 1079 (Me.1991). In both cases we imposed a duty to defend against claims of emotional distress arising from contract-related disputes. In the present case Allstate has contracted to defend and indemnify the insured for "bodily injury or property damage *arising from an accident* (or occurrence)." If the insurance company wishes to exclude coverage for property *or* bodily injury damages *arising from* accidents or occurrences which are contract-related, it must clearly express that intent in the language of its insurance contract. "[T]he intention of the parties must be gathered, not from what the parties said or did or thought they intended, but from the contract itself." *Hartford Fire Ins. Co. v. Merrimack Mut. Fire Insurance Company*, 457 A.2d 410, 414 (Me. 1983). "The terms of a policy cannot be enlarged or diminished by judicial construction." *Limberis v. Aetna Casualty and Surety Company*, 263 A.2d 83, 86 (Me.1970).

Even if the claim for emotional distress lacks merit, Allstate is not relieved of its contractual obligation to defend. The policies state that Allstate will defend covered claims even if the allegations against the insured are "groundless, false, or fraudulent." It is entirely conceivable that an insurer may be obligated to defend against a complaint that is ultimately dismissed for failure to state a claim. *See Traveler's Indem. Co. v. Dingwell*, 414 A.2d 220, 226 (Me.1980). In the present case, Allstate has a duty to defend plaintiffs against the allegations of emotional pain and suffering found in the underlying complaint.

The entry shall be:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

ROBERTS, GLASSMAN, CLIFFORD, DANA, and LIPEZ, JJ., concurring.

RUDMAN, Justice, concurring in part and dissenting in part.

Although I agree with the court's conclusion that Allstate has an obligation to defend Bernard P. Vigna, Jr. and Claudia P. Pott, the plaintiffs herein, pursuant to its umbrella policy, I disagree with the court's conclusion that Allstate has an obligation to defend pursuant to its homeowners' policy. In Count V of the complaint brought by Howard Smith against Vigna and Pott, Smith alleges that Vigna and Pott promised to pay Smith for his labor and materials: that Smith relied on their promise; and Smith's reliance caused him "actual detriment or prejudice in the form of lost income, uncompensated outlays for material and services, and emotional pain and suffering." Allstate's homeowners' policy provides:

Losses We Do Not Cover:

. . . .

15. **We** do not cover any liability an **insured person** assumes under any unwritten contract or agreement.

. . . .

This unambiguous statement clearly excludes the liability which Vigna and Pott assumed under their unwritten contract with Smith. I, therefore, would affirm the judgment of the trial court insofar as it declares no obligation on the part of Allstate pursuant to its homeowners' policy to provide a defense or to indemnify Vigna and Pott. Since there is no such exclusion contained in Allstate's umbrella policy, I agree with the court that the declaratory judgment entered by the trial court should be vacated insofar as it declares no obligation on the part of Allstate pursuant to its umbrella policy to provide a defense or to indemnify Vigna and Pott.