1998 ME 44

**Albert and Linda PENNEY**

v.

**CAPITOL CITY TRANSFER, INC., et al.[1]**

v.

**FIRST AMERICAN TITLE INS. CO.[2]**

Supreme Judicial Court of Maine.

Argued Jan. 6, 1998.
Decided March 4, 1998.

---

1. The other third-party plaintiffs are Russell G. Stull, sole shareholder and a director of Capitol City, and Melinda C. Turner, president of Capitol City.

2. Other third-party defendants and related claims were dismissed from the action.

Raymond C. Hurley (orally), Hurley & Mina, Portland, for appellant.

John B. Emory (orally), Drummond & Drummond, L.L.P., Portland, for appellee.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, LIPEZ, and SAUFLEY, JJ.

WATHEN, Chief Justice.

[¶ 1] Third party plaintiff Capitol City Transfer, Inc. appeals from a summary judgment entered in its third-party action against its title insurer, First American Title Ins. Co. The Superior Court (Kennebec County, *Marden, J.*) ruled that First American had no duty to defend an action brought against it by a third party. Because the court erred in considering evidence beyond the pleadings, we vacate the judgment.

[¶ 2] The facts as developed for purposes of the summary judgment may be summarized as follows: Albert and Linda Penney,

plaintiffs in the underlying action, acquired certain real estate on the Bog Road in Augusta by deed of J. Betit Sani–Van Service, Inc. dated March 15, 1972, and recorded in the Kennebec County Registry of Deeds. Capitol City acquired real estate on the Bog Road by deed of Edmund J. Betit dated April 15, 1994. Capitol City obtained an owners policy of title insurance from First American. On its face, the description in the commitment for title insurance includes the land allegedly owned by the Penneys and makes no exception for their deed.

[¶ 3] In 1995 the Penneys filed a damage claim and a request for injunctive relief against Capitol City for trespass, nuisance, and injury to lands and trees. Capitol City filed a third-party complaint against First American alleging breach of contract for failure to defend, bad faith, unlawful claims practice, and intentional infliction of emotional distress.[3] On cross-motions for summary judgment, the Superior Court granted First American's motion for summary judgment and ruled that it had no duty to defend the Penney action. Capitol City now appeals.[4]

[¶ 4] "Whether an insurer has a duty to defend in a particular case is a question of law." *Vigna v. Allstate Ins. Co.,* 686 A.2d 598, 599 (Me.1996) (citing *Commercial Union Ins. Co. v. Royal Ins. Co.,* 658 A.2d 1081, 1082 (Me.1995)). "We determine the duty to defend by comparing the allegations in the underlying complaint with the provisions of the insurance policy." *Id.* (citation omitted). "If a complaint reveals a '*potential* ... that the facts ultimately proved may come within the coverage,' a duty to defend exists." *Id.* (quoting *Travelers Indem. Co. v. Dingwell,* 414 A.2d 220, 226 (Me.1980)).

[¶ 5] Capitol City argues that the court erred when it looked beyond the pleadings, and considered evidence extrinsic to the complaint. We agree. "Except in limited circumstances, we have held that an insurer cannot avoid its duty to defend by establish-

---

3. The propriety of the third-party action has not been challenged. Silence, however, should not be interpreted as approval. *See Maine Nat'l Bank v. Anderschat,* 462 A.2d 482, 483 n. 1 (Me.1983).

4. The Superior Court directed the entry of final judgment pursuant to M.R.Civ.P. 54(b).

ing, before the underlying action has concluded, that ultimately there will be no duty to indemnify." *Northern Sec. Ins. Co., Inc. v. Dolley,* 669 A.2d 1320, 1322 (Me.1996) (footnote omitted); *see also Worcester Ins. Co. v. Dairyland Ins. Co.,* 555 A.2d 1050 (Me.1989). To secure the just, speedy and inexpensive determination of an action involving a duty to defend and a duty to indemnify and avoid a duplication of trials requires that courts proceed in the following order: the determination of a duty to defend, then the determination of liability in the underlying action, and finally the determination of the duty to indemnify. *See Travelers Indem. Co. v. Dingwell,* 414 A.2d 220, 227 (Me.1980) ("[w]e see no reason why the insured, whose insurer is obligated by contract to defend [it], should have to try the facts in a suit against its insurer in order to obtain a defense."). "The duty to defend is broader than the duty to indemnify, and an insurer may have to defend before it is clear whether there is a duty to indemnify." *Commercial Union Ins. Co. v. Royal Ins. Co.,* 658 A.2d 1081, 1083 (Me. 1995) (citation omitted).

[¶ 6] The present case offers no reason for deviating from the pleading comparison test that has long been the rule in Maine. The underlying complaint alleges that defendant Capitol City repeatedly entered plaintiffs' land and conducted itself in a manner giving rise to claims for trespass, nuisance, and injury to lands and trees. First American argues, through the use of extrinsic evidence, that the description in the commitment form mistakenly includes the Penney parcel, and that fact was known by Capitol City. It argues that the true nature of the underlying claim is a boundary dispute, and it seeks to avoid the duty to defend on the basis of a survey exception expressly stated in the policy.

[¶ 7] Confining our review to an examination of the complaint and the title insurance policy, we conclude that there is a potential that the facts ultimately proved may come within coverage. The complaint is framed in part as a trespass case. The property on which Capitol City is alleged to have trespassed is described in the policy as the property of Capitol City. Even though evidence beyond the pleadings may later establish the absence of a duty to indemnify, that evidence is not properly considered in determining the duty to defend. *Northern Sec. Ins. Co., Inc. v. Dolley,* 669 A.2d 1320, 1323 (Me.1996).

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.