**Benjamin A. BUCCI, individually and as assignee of N.E.C.N., Inc. d/b/a The Industry, Plaintiff**

**v.**

**ESSEX INSURANCE COMPANY, Defendant**

**No. CIV.A. 03–81–P–C.**

United States District Court, D. Maine.

Oct. 23, 2003.

Thomas S. Marjerison, Norman, Hanson & Detroy, Portland, ME, for Benjamin A Bucci, Plaintiff.

Laurence H. Leavitt, Friedman, Gaythwaite, Wolf & Leavitt, Michelle Allott, Friedman, Gaythwaite, Wolf & Leavitt, Portland, ME, for Essex Insurance Company, Defendant.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, Senior District Judge.

Before the Court are the Motion for Partial Summary Judgment filed by Plaintiff Benjamin A. Bucci ("Bucci") (with respect to Count II) and the Cross Motion for Summary Judgment filed by Defendant Essex Insurance Company ("Essex"). For the reasons set forth below, the Court will grant Bucci's Motion for Partial Summary Judgment and deny Essex's Cross Motion for Summary Judgment.

### I. Facts

Bucci filed a complaint in Cumberland County Superior Court against N.E.C.N., Inc. d/b/a The Industry ("The Industry"), alleging a number of claims against The Industry in connection with what the complaint describes as a "vicious assault" and The Industry's conduct before, during, and after the assault. Complaint, attached as Exhibit A to Affidavit of Thomas S. Marjerison (Docket Item No. 10). Specifically, the complaint includes the following factual allegations:

10. While waiting in line at [The Industry, a nightclub], the Plaintiff was viciously attacked by a person known to agents and employees of the Defendant.

11. The Plaintiff was repeatedly kicked in the head by a person known to agents and employees of the Defendant causing serious permanent injuries that required surgery and hospitalization.

12. Despite this vicious assault, employees and agents of the Defendant failed to take reasonable measures to assist the Plaintiff or to prevent the assault on the Plaintiff.

13. Following this vicious assault, agents and employees of the Defendant assisted the individual who assaulted the Plaintiff by telling him to run inside The Industry to avoid the Portland Police Officers responding to the assault.

14. Despite Mr. Bucci's serious and life-threatening injuries, agents and employees of the Defendant refused to call for emergency assistance and refused to allow other persons to use the Defendant's telephone to call for assistance.

15. The vicious assault against Mr. Bucci occurred on or adjacent to property owned or leased by The Industry.

16. When the officers of the Portland Police Department arrived on the scene, they were unable to locate the individual who assaulted the Plaintiff because he was being hidden by agents and employees of the Defendant.

17. Upon information and belief, agents and employees of the Defendant also hampered the Portland Police Department's investigation by giving false and/or misleading statements to the officers.

*Id.* ¶¶ 10–17. The complaint asserts that The Industry was negligent

in failing to provide adequate security, in failing to take adequate steps to prevent the vicious assault on the Plaintiff, in taking steps to hide the assailant, in taking steps to obstruct justice, and in taking action to prevent the Portland Police Department from identifying the person who assaulted the Plaintiff.

*Id.* ¶ 21. The complaint also includes claims for negligent security, negligent supervision and training, negligent infliction of emotional distress, concert of action, spoliation of evidence, and punitive damages.

Essex had issued a commercial general liability insurance policy to The Industry, which was in effect at the time Bucci allegedly sustained his injuries. Plaintiff's Amended Statement of Material Facts ("PASMF") (Docket Item No. 11) ¶ 10. The policy provides that Essex has a duty to defend The Industry against any suit seeking damages for bodily injury or property damage to which coverage applies. *Id.* ¶ 14. The policy includes the following exclusion:

> The coverage under this policy does not apply to any claim, suit, cost or expense arising out of assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any Insured, Insured's employees, patrons or any other person. Nor does this insurance apply with respect to any charges or allegations of negligent hiring, training, placement or supervision.

Assault and/or Battery Exclusion, Endorsement M/E–024 (4/99) to Insurance Policy, attached as Exhibit B to Affidavit of Thomas S. Marjerison.

Essex declined to defend The Industry with respect to Bucci's complaint, and Bucci and The Industry subsequently filed a joint motion for entry of judgment in the amount of $200,000 (inclusive of all costs and interest), which was granted by the Superior Court. PASMF ¶¶ 11–12, 15. In consideration of Bucci's agreement not to execute $193,000 of the judgment directly against The Industry, The Industry assigned all of its rights, claims, and/or causes of action against Essex to Bucci. *Id.* ¶ 13. Bucci then filed the present action against Essex, and the Complaint in the present action includes the following claims: reach and apply (Count I), breach of contract (Counts II, III, and V), and unfair claims settlement practices (Count IV).[1] Complaint, attached as Exhibit 2 to Affidavit of Michelle Allot (Docket Item No. 4).

## II. Summary Judgment Standard

Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" if, based on the record evidence, a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). " 'Material' means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant." *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995) (citations omitted). The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether this burden has been met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Nicolo v. Philip Morris, Inc.*, 201 F.3d 29, 33 (1st Cir.2000). Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir.1999) (citation and internal punctuation omitted); Fed.R.Civ.P.

---

1. This action originally was filed in Cumberland County Superior Court. Essex then removed the case to this Court, which has jurisdiction on the basis of diversity.

56(e). Cross motions for summary judgment do not alter the basic standard for summary judgment; rather, they require the court to determine whether either of the parties deserves judgment as a matter of law on the undisputed facts. *Adria Int'l Group, Inc. v. Ferre Dev., Inc.*, 241 F.3d 103, 107 (1st Cir.2001).

## III. Discussion

In his Motion for Partial Summary Judgment, Bucci seeks a ruling in his favor on Count II, which alleges that Essex breached its duty to defend The Industry in Bucci's action against The Industry. In its Cross Motion for Summary Judgment, Essex seeks summary judgment in this action on the grounds that it has no duty to defend or indemnify The Industry in Bucci's underlying action.[2] Essex bases its Cross Motion for Summary Judgment on the policy's assault and/or battery exclusion and asserts that the underlying complaint's allegations do not give rise to any set of facts that would establish coverage because the underlying complaint's allegations indicate that Bucci's injuries arose out of an assault or otherwise set forth claims for negligent supervision or training.

Maine law employs a pleading comparison test to determine the existence of a duty to defend, and the question of whether such a duty exists is a question of law. *Northern Sec. Ins. Co. v. Dolley*, 669 A.2d 1320, 1322 (Me.1996). The underlying complaint is examined to see "[i]f the general allegations in the complaint could give rise to any set of facts that would establish coverage." *Id.* Under the pleading comparison test, "[t]he complaint must show only a potential that the facts ultimately proved could come within coverage." *Commercial Union Ins. Co. v. Royal Ins. Co.*, 658 A.2d 1081, 1082 (Me.1995). Maine

law requires that the policy be "interpreted most strongly against the insurer." *Baybutt Const. Corp. v. Commercial Union Ins. Co.*, 455 A.2d 914, 921 (Me.1983). Further, "[a]ny ambiguity must be resolved in favor of a duty to defend." *Massachusetts Bay Ins. Co. v. Ferraiolo Constr. Co.*, 584 A.2d 608, 609 (Me.1990).

Under Maine law, "[t]he duty to defend is broader than the duty to indemnify, and an insurer may have to defend before it is clear whether there is a duty to indemnify." *Commercial Union Ins. Co.*, 658 A.2d at 1083. The Law Court has instructed that

> [t]o secure the just, speedy and inexpensive determination of an action involving a duty to defend and a duty to indemnify and avoid a duplication of trials requires that courts proceed in the following order: the determination of a duty to defend, then the determination of liability in the underlying action, and finally the determination of the duty to indemnify.

*Penney v. Capitol City Transfer, Inc.*, 707 A.2d 387, 389 (Me.1998).

The parties encourage the Court to adopt their own interpretations of the policy's assault and/or battery exclusion. Bucci asserts that the exclusion does not exclude coverage for all of the allegations set forth in the underlying complaint. In particular, Bucci points out that the underlying complaint includes claims based on The Industry's conduct *after* the alleged assault. Specifically, the complaint sets forth allegations that employees and/or agents of The Industry refused to call for emergency assistance for Bucci or allow other persons to use its telephone for that purpose, hid the attacker within the nightclub, and gave false and/or misleading statements to the police. He argues that any

---

**2.** Essex asserts that if the Court rules in its favor on Counts II and III, summary judgment on Counts I, IV, and V is also appropriate, and Bucci does not dispute this assertion.

claim for bodily injury resulting from the conduct described in those allegations does not arise out of an assault and/or battery or out of acts or omissions in connection with the prevention or suppression of an assault and/or battery.

Essex, on the other hand, takes a very broad reading of the exclusion with respect to the meaning of the phrases "arising out of assault and/or battery" and "any act or omission in connection with the . . . suppression of such acts." Essex argues that each of Bucci's allegations in the underlying complaint set forth facts that, if true, would preclude coverage under the policy because of the exclusion, including those allegations aimed at The Industry's conduct after the alleged assault. Essex characterizes those allegations, if true, as claims arising out of an assault or, in the alternative, as claims arising out of acts or omissions in connection with the suppression of an assault.

█ In light of Maine law's mandate to construe insurance contracts against the insurer and to resolve any ambiguity in favor of the insured, the Court cannot conclude that the underlying complaint fails to set forth any facts that could establish coverage under the policy. With respect to this exclusion, the Court will not construe claims "arising out of assault and/or battery" to include claims for bodily injury resulting from conduct that occurs after the commission of the alleged assault. The language of the exclusion itself weighs against such a reading because the exclusion specifically addresses claims arising out of acts or omissions taken in connection with the prevention or suppression of an assault and/or battery. If claims arising out of the prevention and suppression of an assault are not encompassed by the phrase "arising out of assault and/or battery" and thus require specific mention in the exclusion, then there is no apparent

reason for the Court to construe that phrase to encompass claims for conduct after an assault has ceased. Further, to the extent that the meaning of "suppression" is ambiguous, the Court construes it narrowly to include acts or omissions in connection with the termination of an assault once it has commenced and will not interpret it to include acts or omissions that occur after the assault has ceased.

The underlying complaint includes claims of negligence and negligent infliction of emotional distress. Because it is possible that the facts developed at a trial could have established coverage under the policy with respect to The Industry's conduct after the alleged assault had ceased, the Court concludes that Essex had a duty to defend The Industry against Bucci's underlying action. The Court goes no further herein than to determine that Essex had a duty to defend The Industry in the underlying action. As to that proposition, there is no genuine question of material fact, and it is clear that Bucci is entitled to judgment as a matter of law *on that proposition.* On this record, the Court expresses no opinion and gives no intimation as to the scope of the remedy for a breach of the duty to defend in the instant case.

█ Under Count II of the Complaint, Bucci demands judgment against Essex in an amount to satisfy the judgment entered against The Industry (*i.e.,* $193,000), as well as attorney's fees, costs, and interest. The Law Court has clarified that "an unjustified refusal to defend should be treated as a breach of the insurance contract and that normal contract damage principles apply." *Elliott v. Hanover Ins. Co.,* 711 A.2d 1310, 1313 (Me.1998). If an insurer breaches its duty to defend, it "is not estopped from asserting noncoverage as a defense in a subsequent action brought by the insured or the insured's assignee." *Id.* The insurer bears the burden of proving

that the underlying claim(s) did not fall within the policy's coverage. *Id.* at 1313–14.

The Court views as open the question of whether Essex's obligation arising out of its breach of its duty to defend The Industry in the underlying action encompasses, as an element of damages, the amount of the mutually consensual judgment of the parties in the underlying action. Issues relating to the appropriate damages for a breach of the duty to defend have not been briefed by either party and, at this stage in the proceedings, are subject to resolution by a trial on the merits for the claim for indemnification under the policy.

## IV. Conclusion

It is **ORDERED** that Plaintiff's Motion for Partial Summary Judgment be, and it hereby is, **GRANTED** and that Defendant's Cross Motion for Summary Judgment be, and it is hereby, **DENIED**.