STATE OF MAINE                           SUPERIOR COURT
PENOBSCOT, ss.                           CIVIL ACTION
                                         DOCKET NO. CV-07-101
                                         /\/\/\/\

JOSEPH C. FOSTER, and
ROBERTA L. FOSTER,

            Plaintiffs,

      v.                                 **ORDER**

STEWART TITLE GUARANTY
COMPANY,

            Defendant.

FILED & ENTERED
SUPERIOR COURT

OCT 2 3 2008

PENOBSCOT COUNTY

The plaintiffs, Joseph and Roberta Foster (hereinafter "the Fosters"), filed a complaint seeking damages from the defendant, Stewart Title Guaranty Company (hereinafter "Stewart Title") for breach of contract. The parties have filed cross-motions for summary judgment.

## BACKGROUND

In February 2000, the Fosters purchased a parcel of land in Corinna for $30,000. In connection with the purchase, the Fosters acquired title insurance from Stewart Title.

> SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, STEWART TITLE GUARANTY COMPANY...insures...against loss or damage...sustained or incurred by the insured by reason of:
>
> 1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
>
> 2. Any defect in or lien or encumbrance on the title;
>
> 3. Unmarketability of the title;

1

4. Lack of a right of access to and from the land.

> The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title, as insured, but only to the extent provided in the Conditions and Stipulations.

(Pl.'s Supp. S.M.F. ¶ 7; Foster Aff. Ex. A). The Conditions and Stipulations explicitly limit the duty to defend to causes of action insured against by the policy. Schedule B contained the following exceptions from coverage.

> This policy does not insure against loss or damage by reason of the following:
>
> **General Exceptions:**
> 1) Rights of present tenants, lessees or parties in possession.
> 2) Any lien, or right to a lien, for services, labor or material heretofore or hereafter furnished, imposed by law and not shown by the public records.
> 3) Discrepancies, conflicts in boundary lines, shortage in area, easements, encroachments, and facts which an accurate survey and inspection of the premises would disclose.

(Def.'s Supp. S.M.F. ¶ 46; O'Brien Aff. Ex. A).

On November 20, 2003, Charles and Diane Merrill (hereinafter "the Merrills") filed a four-count complaint against the Fosters in Newport District Court. The Merrills owned a parcel of land adjoining the Fosters' parcel in Corinna. In counts one, two, and three of their complaint, the Merrills' claimed: (1) that they had a right through adverse possession to a portion of land that by record belonged to the Fosters; (2) that the element of hostility was established through a mistake as to the location of the true boundary pursuant to 14 M.R.S. § 810-A; and (3) that the Fosters had acquiesced as to the location of the boundary. In count four of their complaint, the Merrills sought damages for trespass upon the "disputed property."

In December 2003, the Fosters wrote a letter to Stewart Title seeking to have Stewart Title provide a defense for the Fosters pursuant to their title insurance policy. Stewart Title declined to defend the Fosters, claiming that the Merrills' complaint did not state any cause of action insured against by the policy. The Fosters prevailed in the case against the Merrills and now seek damages for breach of contract against Stewart Title, claiming that Stewart Title owed them a duty to defend. The parties have filed cross-motions for summary judgment.

## DISCUSSION

### A. Standard of Review

Summary judgment is appropriate when, after reviewing the parties' statements of material facts and the record evidence cited therein in a light most favorable to the non-moving party, the court determines that there are no genuine issues of material fact. *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821, 825; *Stanley v. Hancock County of Comm'rs*, 2004 ME 157, ¶ 13, 864 A.2d 169, 174. A genuine issue of material fact exists when there is sufficient evidence to require the fact-finder to choose between competing versions of a fact that could affect the outcome of the case. *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d at 825; *Inkel v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745, 747. When the parties file cross-motions for summary judgment and both parties argue that there are no genuine issues of material fact, denial is still proper if the court recognizes any disputes of material fact. DONALD G. ALEXANDER ET AL., THE MAINE RULES OF CIVIL PROCEDURE 392 (Me. State B. Assoc. 2008).

## B. The Duty of an Insurer to Defend the Insured

Whether or not an insurer owes the insured a duty to defend is a matter of law. *State Farm Mut. Auto. Ins. Co. v. Montagna*, 2005 ME 68, ¶ 8, 874 A.2d 406, 408; *Commercial Union Ins. Co. v. Royal Ins. Co.*, 658 A.2d 1081, 1082 (Me. 1995). To determine whether the insurer has a duty to defend the court must compare the allegations in the underlying complaint with the terms of coverage in the insurance policy. *N. Sec. Ins. Co. v. Dolley*, 669 A.2d 1320, 1322 (Me. 1996). This pleading comparison test is based upon the facts as alleged in the underlying complaint against the insured, not the facts as they actually are. *Am. Policyholders' Ins. Co. v. Cumberland Cold Storage Co.*, 373 A.2d 247, 249 (Me. 1977). A court's inquiry as to the allegations contained in the complaint against the insured is strictly limited to the pleadings and a court may not consider evidence extrinsic to the complaint. *Penney v. Capitol City Transfer, Inc.*, 1998 ME 44, ¶ 5, 707 A.2d 387, 388. Therefore, if the complaint reveals any potential that the facts may fall within the scope of coverage then the insurer owes a duty to defend. *Vigna v. Allstate Ins. Co.*, 686 A.2d 598, 599 (Me. 1996); *Mullen v. Daniels*, 598 A.2d 451, 453 (Me. 1991).

Determining if there is any duty to defend owed by an insurer is a separate and distinct inquiry than determining if the insurer owes a duty to indemnify. The existence of a duty to defend is determined at the pleading stage so that an insured party need not try all of the facts of a case simply to obtain a defense from its insurer. *Travelers Indem. Co. v. Dingwell*, 414 A.2d 220, 227 (Me. 1980). *See Penney*, 1998 ME 44, ¶ 5, 707 A.2d at 388. Accordingly, an insurer cannot pre-litigate the issue of indemnity in order to avoid its duty to defend. *Dolley*, 669 A.2d at 1322-23. Even evidence that could

conclusively establish that no duty to indemnify will result from the action is generally irrelevant to determining whether a duty to defend exists. *Id.* at 1323. Only what is alleged in the complaint against the insured is relevant. *See Penney*, 1998 ME 44, ¶ 5, 707 A.2d at 388. "The duty to defend is broader than the duty to indemnify, and an insurer may have to defend before it is clear whether there is a duty to indemnify." *Commercial Union*, 658 A.2d at 1083. An underlying complaint that is insufficient to survive a motion to dismiss may even give rise to a duty to defend. *Dingwell*, 414 A.2d 220 at 226.

## C. The Foster Policy

Based upon a comparison of the insurance policy and the Merrills' complaint against the Fosters, there was no potential that the facts asserted in the complaint could have fallen within coverage of the policy. *See Vigna*, 686 A.2d at 599. The first two counts of the Merrills' complaint were based upon a theory of adverse possession. The Merrills claimed that they had a right to a portion of the Fosters' record property based upon their status as parties in possession who had complied with all of the common law requirements for adverse possession for the statutory period. Schedule B of the policy excluded from coverage claims by parties in possession. The Merrills' adverse possession claim fell squarely within this exclusion, leaving no possibility that the claim would be covered by the policy.

The third count of the Merrills' complaint alleged that the Fosters had acquiesced to the location of the boundary between the two parcels. In this count the Merrills disputed the location of a boundary line. Such disputes were also explicitly excluded from coverage under Schedule B of the Fosters' title insurance policy.

In count four of their complaint, the Merrills claimed that the Fosters trespassed upon the "disputed parcel." All of the facts asserted by the Merrills in support of their claim for trespass related to the Fosters' entry upon land that by record belonged to the Fosters. Therefore, the trespass claims were entirely dependent upon the aforementioned claims of adverse possession and acquiescence of boundary. The Merrills claimed liability for trespass as a right incident to their possession of the disputed parcel. Schedule B excluded from coverage rights asserted by parties in possession; therefore, this particular trespass claim had no potential of falling under the policy's coverage. None of the allegations in the Merrills' complaint would have brought the claims under the coverage of the Fosters' title insurance policy; therefore, summary judgment in favor of Stewart Title is appropriate.

The Fosters' argue that *Penney v. Capitol City Transfer, Inc.* requires a different result. Such reliance is misplaced because that case dealt with a different complaint and a different insurance policy. A court's inquiry in duty to defend cases is strictly limited to the insurance policy and the complaint brought against the insured; therefore, the outcome of each case depends upon the specifics of both of the documents in each case. *Penney*, 1998 ME 44, ¶ 5, 707 A.2d at 388-89. When the Law Court found a duty to defend against a trespass action in *Penney*, that holding was limited to the complaint and policy in that case. *Id.* ¶ 7, 707 A.2d at 389. *Penney* differed from the present case in one important aspect. In *Penney*, there was no mention of an exclusion clause in the policy for the rights of parties in possession such as the one contained in the title insurance policy at issue in this case. *Penney* dealt exclusively with a "survey

exception." *Id.* ¶ 6, 707 A.2d at 389. The parties-in-possession exception in this case sets it apart from *Penney* and compels a different result.

## CONCLUSION

The duty to defend is a matter of law determined by comparing two documents the authenticity of which is not disputed in this case; therefore, this case is properly decided on summary judgment. In this case, there was no potential that the facts as asserted in the Merrills' complaint would have fallen under the coverage of the Fosters' title insurance policy. All claims asserted by the Merrills' fell within the coverage exclusions contained in Schedule B. Therefore, summary judgment in favor of the insurer, Stewart Title, is appropriate.

The entry is:

1. The plaintiff's motion for summary judgment is **DENIED.**

2. The defendant's motion for summary judgment is **GRANTED.** Judgment for the defendant.

3. This order is incorporated into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: _____ ١٥\٢-٦ _____, 2008

M. Michaela Murphy
Justice, Superior Court

7

JOSEPH C FOSTER ET AL VS STEWART TITLE GUARANTY COMPANY
UTN:AOCSsr  -2007-0043079                    CASE #:BANSC-CV-2007-00101
--------------------------------------------------------------------
   SEQ TITLE          NAME                              DOB   ATTY
   001 PL     JOSEPH C FOSTER  BY JULIE FARR ESQ         / /    T
   003 PL     ROBERTA FOSTER   "    "    "    "           / /    T
   002 DEF    STEWART TITLE GUARANTY COMPANY  BY WILLIAM LEETE, ESQ  T