## MERRIMACK MUTUAL FIRE INSURANCE COMPANY

v.

## Craig BRENNAN, et al.

Supreme Judicial Court of Maine.

Argued Nov. 4, 1987.
Decided Dec. 3, 1987.

Richard D. Hewes (orally), Hewes, Douglas, Whiting & Quinn, Portland, for plaintiff.

**354**

Edward J. Titcomb (orally), Waterhouse, Titcomb, Flaherty & Knight, Sanford, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

Merrimack Mutual Fire Insurance Company appeals from a judgment of the Superior Court, York County, declaring that Merrimack has a duty to defend Craig Brennan in an underlying personal injury suit. Merrimack expressly invites us to overrule *Patrons–Oxford Mutual Ins. Co. v. Dodge*, 426 A.2d 888 (Me.1981), on the ground of public policy. We are not persuaded that public policy is offended by our decision in *Dodge*. Merrimack also urges that the comparison test of *Travelers Indemnity Co. v. Dingwell*, 414 A.2d 220 (Me.1980), is inappropriate when the facts of an occurrence have been established at trial on the declaratory judgment action. We disagree.

The comparison test requires the presiding justice to compare the underlying damage complaint to the insurance policy and to determine if the complaint alleges an occurrence within the coverage of the policy. *Travelers*, 414 A.2d at 224. The comparison test is based "exclusively on the facts as *alleged* rather than on the facts as they actually are." *American Policy Holders Ins. Co. v. Cumberland Cold Storage Co.*, 373 A.2d 247, 249 (Me. 1977) (citations omitted) (emphasis retained). Where there is "*potential* shown in the complaint that the facts ultimately proved may come within the coverage," the insurer has a duty to defend its insured. *Dingwell*, 414 A.2d at 226 (emphasis retained). *See also United States Fidelity and Guarantee Co. v. Rosso*, 521 A.2d 301, 303 (Me.1987); *American Policyholders Ins. Co. v. Kyes*, 483 A.2d 337, 339 (Me. 1984); *American Home Assurance Co. v. Ingeneri*, 479 A.2d 897, 898–99 (Me.1984); *L. Ray Packing Co. v. Commercial Union Ins. Co.*, 469 A.2d 832, 833 (Me.1983); *Marston v. Merchants Mutual Ins. Co.*, 319 A.2d 111, 114 (Me.1974).

We not only adhere to the principles decided in our earlier cases, but also take this occasion to remind bench and bar that in circumstances such as these no evidentiary hearing is necessary or desirable to determine whether the insurer has a duty to defend. We have always recognized that the application of the comparison test will occasionally require an insurer to defend when there may be no ultimate duty to indemnify. This is true because the duty to defend is broader than the duty to indemnify. *Cumberland Cold Storage*, 373 A.2d at 250. We are satisfied that the interests of justice and the conservation of scarce judicial resources support the course we have chosen.

The entry is:

Judgment affirmed.

All concurring.