**JUDKINS INSURANCE AGENCY, INC.**

v.

**Dianne WHITNEY.**

Supreme Judicial Court of Maine.

Argued Jan. 28, 1991.
Decided March 15, 1991.

David M. Sanders (orally), Livermore Falls, for plaintiff.

Barbara A. Cardone (orally), Rudman & Winchell, Bangor, for defendants.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

COLLINS, Justice.

Judkins Insurance Agency, Inc. appeals from a judgment entered in the Superior Court (Somerset County, *Chandler, J.*) after a decision on stipulated facts. The court found a loan agreement entered into by Dianne W. Whitney's ex-husband, Douglas Whitney, before their divorce, to be a valid accord and satisfaction that extinguished any liability on her part for insurance premium debts to Judkins incurred during the marriage, and concluded that she was not liable on the loan agreement.[1] We affirm.

---

1. Judkins sued both Douglas Whitney and Dianne Whitney. Douglas Whitney filed for bankruptcy, and Judkins's motion for separate trials was granted without objection. After the bankruptcy stay was lifted, the court entered a default judgment against Douglas Whitney. He is not a party to the present appeal.

■ A trial on stipulated facts is an actual trial, not a summary judgment. *See Mearl Corp. v. State Tax Assessor*, 482 A.2d 1258, 1260–61 (Me.1984). Although the court is limited to the facts stipulated by the parties, which must be stated "with such certainty that legal principles may be applied," we have also suggested that "certain inferences from agreed statements of facts might be practicable in some cases." *Pelletier v. Dwyer*, 334 A.2d 867, 871 (Me. 1975). Because the stipulated facts submitted by the parties included as exhibits both the loan agreements and a lengthy transcript of the deposition testimony of Dianne Whitney taken in connection with Douglas Whitney's bankruptcy, the trial court could properly draw appropriate inferences from those materials in this case.

■ Unless it is evidenced by a clear and unambiguous writing, the existence of an accord and satisfaction is a question of fact. *Emerson v. Sweet*, 432 A.2d 784, 785 (Me.1981). Contrary to Judkins's assertions on appeal, the record adequately supports the court's finding that the loan proceeds were used to pay the insurance premium debt to Judkins, thereby extinguishing that debtor-creditor relationship and substituting the loan agreement.

Dianne Whitney and Douglas Whitney were married from 1967 to 1987, when they divorced. From 1981 to 1986 they operated Whitney Construction Company, an unincorporated family business. The business contracted with Judkins, an independent insurance agent, for insurance coverage. The Whitneys fell behind in their premium payments; as of February 1986 the unpaid premiums totalled $20,500. Judkins, as an independent insurance agent, in turn owed the same amount to the insurance companies that issued the policies.

In February 1986, Judkins and Douglas Whitney jointly borrowed $20,500 from Merrill Bank, signing as co-makers of a promissory note.[2] Dianne Whitney did not sign either of the notes relating to the loan agreement, nor did Douglas Whitney's signature indicate that he was signing in a representative capacity for her or for Whitney Construction Company. The loan funds from the bank were turned over to Judkins and were used to pay the insurance premiums to the various insurance companies. Douglas Whitney (and Judkins as an accommodation co-maker[3]) were then indebted to Merrill Bank on the loan agreement, but the insurance premium debt had been fully paid.

The note was due in full on April 10, 1986. Douglas Whitney paid the interest due on that note, but not the principal. The parties to the loan agreement renewed it with a second note in the same amount, identical with the first except that it was dated June 24, 1986 and due in full on August 8, 1986. Apparently the proceeds of the second loan were used to pay off the principal amount of the first loan; the second transaction, however, did not alter the relative positions of the parties to the loan agreement. Douglas Whitney never paid any part of the debt on the second note. Merrill Bank therefore demanded and got payment from Judkins as co-maker of the note.

■ Having paid the debt on the note, Judkins had a right of recourse against Douglas Whitney. 11 M.R.S.A. § 3–415(5) (1964). That right of recourse could be exercised either on the note itself or on the obligation that it represented—that is, the underlying debt to the bank, *not* the origi-

---

2. The stipulated facts show that the parties had done something very similar in 1985; in that case, however, Whitney was the sole maker of the note and Judkins signed as a guarantor. The unambiguous nature of the 1985 transaction helps explain the 1986 one.

3. The accommodation status of a co-maker is a fact question. *See* 11 M.R.S.A. § 3–415 (1964); *Maine National Bank v. Fontaine*, 456 A.2d 1273, 1275 (Me.1983); *Camden National Bank v. Bon-*

*nar*, 408 A.2d 385, 386 (Me.1979). Judkins suggests on appeal that *it* was the principal debtor on the note and Douglas Whitney was the accommodation party. However, the Superior Court's finding to the contrary is adequately supported by the record. If Judkins were correct, then Douglas Whitney would have had no liability to Judkins on the note after Judkins paid its own debt. 11 M.R.S.A. § 3–415(5) (1964).

nal insurance premium debt.[4] *See* 11 M.R.S.A. § 3–802(1)(b) (1964). That right of recourse could not, however, be exercised against Dianne Whitney because she was not a party to the loan agreement and her signature did not appear on the note.[5] *See* 11 M.R.S.A. § 3–401 (1964).

Judkins argues on appeal that no accord and satisfaction was completed here because the loan was not repaid as originally contemplated. However, Douglas Whitney's repayment of the loan was unnecessary to a valid accord and satisfaction if the loan agreement was a substituted contract. *Rosenthal v. Rosenthal*, 543 A.2d 348, 355 (Me.1988). The stipulated facts adequately support the court's findings that Judkins was an accommodation comaker on the note, and that the loan agreement was a substituted contract that discharged the insurance premium debt. Because Dianne Whitney was not liable on the loan agreement, and because the loan agreement discharged the insurance premium debt, we need not consider whether Dianne Whitney was liable for the insurance premium debt on the various theories advanced by Judkins.

The entry is:

Judgment affirmed.

All concurring.

---

**4.** Judkins misapprehends the Official Comment to section 3–401 when it attempts to construe "the original obligation for which the instrument was given" to mean the insurance premium debt, rather than the debt to the bank for which *the note was taken.*

**5.** On appeal, Judkins has abandoned all claims against Dianne Whitney based on the loan agreement, including its argument that the Whitneys' divorce judgment rendered Dianne Whitney liable for the loan agreement as a marital debt. Judkins never pursued a partnership theory as to the loan agreement, regardless whether the stipulated facts would have supported such a claim.