## STATE MUTUAL INSURANCE COMPANY

### v.

### Alta J. BRAGG, P.R.

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 29, 1990.
Decided April 4, 1991.

---

Wakine Tanous, Tanous & Snow, East Millinocket, for appellant.

Richard N. Solman, Solman & Hunter, Caribou, for appellee.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and BRODY, JJ.

ROBERTS, Justice.

Alta J. Bragg appeals from a declaratory judgment of the Superior Court (Aroostook County, *Pierson, J.*) that State Mutual Insurance Company has no duty to defend its insured, Robert W. Forrest, in Bragg's negligence suit. Forrest's insurance policy excludes liability coverage for bodily injury expected or intended by the insured. Bragg contends that it was error to preclude her from litigating, on the basis of Forrest's prior pleas of guilty, whether Forrest expected or intended to cause injury. Because we conclude that there is no possibility on the facts of this case that the insured was merely negligent, we affirm the declaratory judgment.

In June, 1986, Forrest was indicted for the June 8 murders of his wife and son, and attempted murder of his daughter. While Forrest was awaiting trial, Bragg sued him in her capacity as personal representative of the deceased and next friend of the injured daughter. Bragg's complaint alleged that Forrest negligently caused the deaths and injuries and sought damages for pain and suffering, funeral expenses of the deceased, and medical expenses of the daughter. State Mutual later filed this action against both Forrest and Bragg seeking a declaratory judgment that

it has no duty to defend or indemnify Forrest because his conduct was excluded from insurance coverage.[1]

After both civil suits were filed Forrest entered pleas of guilty to both murders and the attempted murder. The pleas were accepted and Forrest was sentenced to concurrent terms of 55 years' imprisonment for each murder and 20 years for the attempted murder. The court subsequently held a non-jury hearing on State Mutual's complaint for declaratory judgment. The court held that Forrest's prior guilty pleas admitted acts within the coverage exclusion for injury intended by an insured. Because Forrest had incentive to fully litigate the issue of intent in his criminal prosecution, and intent was an essential element of the crimes established by his conviction, both Forrest and Bragg were precluded from relitigating intent and coverage was excluded.

Bragg's appeal raises two separate issues of law: whether State Mutual has a duty to indemnify Forrest for his liability and whether it has a duty to defend him against Bragg's underlying complaint. Wise use of judicial resources dictates that an insurer may not litigate its duty to indemnify until the insured has had a chance to defend against any liability. Accordingly, the duty to defend is broader than the duty to indemnify and an insurer may have to defend before it is clear whether there is a duty to indemnify. *Merrimack Mutual Fire Insurance Co. v. Brennan*, 534 A.2d 353, 354 (Me.1987); *Travelers Indemnity Co. v. Dingwell*, 414 A.2d 220, 224 (Me.1980). We use a comparison test to assess the duty to defend. If, comparing an insurance policy with an underlying tort complaint there is any legal or factual basis that could obligate an insurer to indemnify, then the insured is entitled to a defense. *Lavoie v. Dorchester Mutual Fire Insurance Co.*, 560 A.2d 570, 571 (Me. 1989); *Dingwell*, 414 A.2d at 224.

---

1. The tenant's insurance policy that State Mutual issued to Forrest contained the following exclusion:

1. Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to bodily injury or property damage:
   a. which is expected or intended by the insured....

██ The comparison test generally is based exclusively on the facts alleged in the complaint. *Dingwell*, 414 A.2d at 224, 227. We have held, however, that if an issue is determined against a party in one proceeding that party may be estopped to relitigate it against another party in a new proceeding. *Hossler v. Barry*, 403 A.2d 762, 766, 770 (Me.1979). We permit the use of offensive, nonmutual collateral estoppel on a case by case basis if it serves the ends of justice. *Id.* at 769. We require that the identical issue necessarily was determined by a prior final judgment, and that the party estopped had a fair opportunity and incentive to litigate the issue in the prior proceeding. *Id.* If these requirements are met then the comparison test for an insurer's duty to defend may include facts established against an insured in a prior proceeding.

██ To preserve an insurer's duty to defend we have strictly applied the requirement that an issue established by collateral estoppel be identical to that previously litigated. In *Patrons–Oxford Mutual Insurance Co. v. Dodge*, an insurer claimed that the insured's prior conviction of aggravated assault proved his intent to cause injury and triggered an exclusion clause similar to that in Forrest's policy. 426 A.2d 888, 890 (Me.1981). We concluded that such a clause only withdraws a duty to defend if a prior conviction proved that an insured had an actual, subjective intention to cause the bodily injury alleged in the underlying complaint. *Id.* at 891–92. Because an aggravated assault conviction could prove either intentional or reckless injury the insured's intent was not established by the conviction and the comparison test required the insurer to defend the tort action.

In *Perreault v. Maine Bonding & Casualty Co.*, we dealt with a prior crime of a different nature: sexual abuse of a child. 568 A.2d 1100, 1101 (Me.1990). Consistent with a majority of courts, we held that harm from this crime is so probable "that the intent to commit the act inherently carries with it the intent to cause the resulting injury." *Id.* at 1101. The issue of intent thus was determined by the insured's conviction of sexual abuse of a child[2] and an exclusion identical to State Mutual's removed the insurer's duty to defend. We noted that insurance coverage for such a crime was outside the intent of the contract, beyond the risk contracted for by other homeowners, and against public policy. *Id.* at 1102. Our holding, however, was based upon the nature of the crime.

The facts of the instant case differ from *Perreault* in several important respects. Forrest was convicted not upon a jury verdict but upon a guilty plea. The Restatement (Second) of Judgment § 85, comment b (1982) suggests that a conviction based on a guilty plea does not preclude further litigation. But *Hossler* teaches that it is the "full and fair *opportunity* to litigate in the prior suit" that protects due process rights. 403 A.2d at 769 (emphasis added). In this case Forrest had ample incentive vigorously to litigate the issue of his intent in his criminal prosecution.[3] He voluntarily admitted these crimes in spite of the prosecutor's recommendation of a 55 year sentence of imprisonment. Further, the court that accepted his plea was required to insure that it had a factual basis. M.R. Crim.P. 11(e). In these circumstances Forrest is entitled to no more and it would be

---

2. In *Hanover Insurance Company v. Hayward*, we stated that a "prior criminal conviction conclusively established all facts essential to the final judgment of conviction." 464 A.2d 156, 160 (Me.1983). Our holding, however, relied upon the identity of a fact previously litigated with an issue in a later civil case, not upon any absolute rule of preclusion. *Id.* at 161 n. 8. We subsequently have drawn a clear distinction between admissibility of a prior conviction under M.R.Evid. 803(22) and collateral estoppel under the discretionary rule of *Hossler*. *Pattershall v. Jenness*, 485 A.2d 980, 983 n. 1 (Me.1984).

3. *Cf. Pattershall*, 485 A.2d at 983 (correlation of seriousness of charge with incentive to litigate). *See generally* Annotation, *Criminal Conviction As Rendering Conduct For Which Insured Convicted Within Provision Of Liability Insurance Policy Expressly Excluding Coverage For Damage Or Injury Intended Or Expected By Insured*, 35 A.L.R.4th 1063, 1076–84 (1985 & Supp.1990) (jurisdictions divided on preclusive effect of prior plea of guilty to various crimes).

unfair to require State Mutual to defend litigation despite the intent thus established.

Unlike *Perreault,* where the underlying civil complaint alleged intentional torts, Bragg's complaint alleges only that Forrest was negligent. Under the pure comparison test this complaint would escape the intended injury exclusion of the State Mutual contract. But the complaint offers no more than a bare allegation of negligence to oppose Forrest's admission and the subsequent adjudication that his acts were intentional. To utilize Forrest's conviction in the comparison test, as we did in *Perreault,* necessarily precludes State Mutual's duty to defend. We find unpersuasive Bragg's argument that Forrest's unilateral action in pleading guilty should not preclude the victims of his actions from pursuing their negligence remedy. The short answer is that Bragg's rights against State Mutual all are derivative of Forrest's insurance contract. The crimes for which Forrest was convicted cannot support a finding of injury other than that excluded by his policy. *Perreault,* 568 A.2d at 1101.

We hold on the facts of the instant case that murder and attempted murder are crimes in which the intent to cause, or the expectation of causing injury inheres. Forrest was convicted of "intentionally or knowingly caus[ing] the death of another human being," 17–A M.R.S.A. § 201(1)(A)(1983) and of attempted murder, 17–A M.R.S.A. § 152 (1983). Those convictions are sufficient to preclude relitigation of the issue of Forrest's subjective intent to cause bodily injury within the State Mutual policy exclusion. *Cf. Commercial Union Insurance Co. v. Mauldin,* 62 N.C. App. 461, 303 S.E.2d 214, 217 (1983). We emphasize that murder, attempted murder and sexual abuse of a child convictions are narrow exceptions to the general rule that determines a duty to defend solely from the insurance contract and the allegations of the complaint. We intimate no opinion as to the preclusive effect of other criminal convictions upon later civil actions.

The entry is:

Judgment affirmed.

Because of the novel issue raised in this appeal no costs will be taxed to either party.

All concurring.