**TEACHERS INSURANCE COMPANY, Plaintiff**

**v.**

**Sally A. SCHOFIELD and Christy Marr, Defendants**

No. CIV. 02–195–B–C.

United States District Court, D. Maine.

Sept. 29, 2003.

John A. Woodcock, Jr., Weatherbee, Woodcock, Burlock & Woodcock, Stephen J. Burlock, Weatherbee and Burlock, Bangor, ME, Teachers Insurance Company, for Plaintiff.

Cynthia Campbell, Cumberland Legal Clinic, University of Maine, School of Law, E. James Burke, Troubh, Heisler & Piampiano, P.A., Kenneth J. Albert, III, Cumberland Legal AID Clinic, University of Maine, School of Law, Portland, ME, Ferdinand A. Slater, Ellsworth, ME, for Sally a Schofield, Christy Marr, Defendants.

## MEMORANDUM OF DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

GENE CARTER, Senior District Judge.

Plaintiff Teachers Insurance Company ("Teachers") moves for summary judgment in this declaratory judgment action on the grounds that it has no duty to defend or indemnify Defendant Sally A. Schofield ("Schofield") in an underlying civil action filed by Defendant Christy Marr ("Marr"), individually and as the personal representative of the Estate of Logan Marr, against Schofield and others in connection with the placement of Marr's daughter, Logan Marr ("Logan"), for foster care with Schofield and Logan's subsequent death. For the reasons set forth below, the Court denies Teachers' Motion for Summary Judgment.

### I. Facts

The following facts are taken from the Stipulation (Docket Item No. 23) filed by the parties. On or about November 7, 2001, Marr, both in her individual capacity and as the personal representative of the Estate of Logan Marr, filed a civil action in the United States District Court for the District of Maine against a number of defendants, including Schofield (the "Marr Action").[1] Stipulation ¶ 4. Twelve of the counts in the Marr Action are brought against Schofield. *Id.* Logan, Marr's

---

1. Teachers retained counsel to represent Schofield in the Marr Action, *see* Stipulation ¶ 5, who, the Court assumes, presently appears for Schofield in that action.

daughter, died on January 31, 2001, while she was residing with Schofield. Stipulation ¶¶ 9–10. On June 25, 2002, following a bench trial in Kennebec County Superior Court, Schofield was convicted of the crime of manslaughter, 17–A M.R.S.A. § 203, for Logan's death. Stipulation ¶ 11. Teachers had issued a homeowner's insurance policy with Schofield as a named insured for the policy period from September 1, 2000, through September 1, 2001. Stipulation ¶ 12. The policy covers Schofield up to the policy's applicable limit for "all sums for which [she] is liable by law because of bodily injury or property damage caused by an occurrence to which this coverage applies." Stipulation ¶ 12, Exhibit B–1 at 12. The policy excludes coverage for bodily injury or property damage which results directly or indirectly from "an act or acts committed by or at the direction of an insured which constitutes a violation of any criminal law or statute." Stipulation ¶ 12, Exhibit B–1 at 16.

## II. Summary Judgment Standard

Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" if, based on the record evidence, a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). " 'Material' means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant." *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995) (citations omitted). The party moving for summary judgment must demon-

strate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Nicolo v. Philip Morris, Inc.*, 201 F.3d 29, 33 (1st Cir.2000). Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir.1999) (citation and internal punctuation omitted); Fed.R.Civ.P. 56(e).

## III. Discussion

In its Motion for Summary Judgment, Teachers seeks a ruling that it has no duty to defend or indemnify Schofield in the Marr Action.[2] Specifically, Teachers argues that Schofield's conviction for manslaughter relieves it of the duty to defend and indemnify Schofield in the Marr Action because her homeowner's policy contains a coverage exclusion for bodily injury which results directly or indirectly from "an act or acts committed by or at the direction of an insured which constitutes a violation of any criminal law or statute." Stipulation ¶ 12, Exhibit B–1 at 16.

██ In a diversity case requiring a federal district court to construe an insurance contract, the court will apply applicable state law. *American Employers' Ins. Co. v. DeLorme Publ'g Co.*, 39 F.Supp.2d 64, 72 (D.Me.1999). Here, the Court will

---

**2.** The Marr Action has been stayed pending the resolution of this declaratory judgment action. Stipulation ¶ 6.

apply Maine law.[3] The question of whether an insurer has a duty to defend an insured against a third-party complaint is one of law. *Northern Security Ins. Co. v. Dolley*, 669 A.2d 1320, 1322 (Me.1996). Under Maine law, the test for determining whether such a duty exists requires a comparison of the complaint's allegations with the coverage terms of the insurance contract. *Id.* The insurer has a duty to defend "[i]f the general allegations in the complaint could give rise to any set of facts that would establish coverage." *Id.* "The complaint must show only a potential that the facts ultimately proved could come within coverage." *Commercial Union Ins. Co. v. Royal Ins. Co.*, 658 A.2d 1081, 1083 (Me.1995). "Any ambiguity must be resolved in favor of a duty to defend." *Massachusetts Bay Ins. Co. v. Ferraiolo Constr. Co.*, 584 A.2d 608, 609 (Me.1990).

■■■ Generally, insurers cannot avoid their duty to defend by establishing, prior to the conclusion of the underlying action, that ultimately there will be no duty to indemnify. *Penney v. Capitol City Transfer, Inc.*, 707 A.2d 387, 388–89 (Me.1998).

> To secure the just, speedy and inexpensive determination of an action involving a duty to defend and a duty to indemnify and avoid a duplication of trials requires that courts proceed in the following order: the determination of a duty to defend, then the determination of liability in the underlying action, and finally the determination of the duty to indemnify.

*Id.* at 389. The pleading comparison test prevents the insured from having to "litigate the underlying facts of a claim in order to obtain a defense to the litigation when he has already obligated an insurer by contract to defend him." *Elliott v. Hanover Ins. Co.*, 711 A.2d 1310, 1312 (Me.1998). "The duty to defend is broader than the duty to indemnify, and an insurer may have to defend before it is clear whether there is a duty to indemnify." *Commercial Union Ins. Co.*, 658 A.2d at 1083.

Maine law recognizes limited exceptions to the pleading comparison test. *Dolley*, 669 A.2d at 1322. In certain circumstances, the Maine Law Court has considered an insured's criminal conviction in determining whether a duty to defend exists, even though the fact of the conviction lay outside the facts alleged in the complaint. In *State Mutual Ins. Co. v. Bragg*, 589 A.2d 35 (Me.1991), the insured pleaded guilty to and was convicted of murder and attempted murder after a civil negligence suit was filed on behalf of the victims. According to the court,

> [w]e permit the use of offensive, nonmutual collateral estoppel on a case by case basis if it serves the ends of justice. We require that the identical issue necessarily was determined by a prior final judgment, and that the party estopped had a fair opportunity and incentive to litigate the issue in the prior proceeding. If these requirements are met then the comparison test for an insurer's duty to defend may include facts established against an insured in a prior proceeding.

*Id.* at 37 (citations omitted). The court concluded that the insurer had no duty to defend or indemnify the insured because his homeowner's insurance policy excluded coverage for bodily injury expected or intended by the insured. *Id.* at 38. The insured's conviction of murder and attempted murder caused the court to conclude that "[t]he crimes for which [he] was convicted cannot support a finding of injury other than that excluded by his policy." *Id.* The Maine Law Court has also considered convictions of robbery and sexual

---

**3.** The parties do not challenge the applicability of Maine law.

abuse of a child in duty-to-defend cases. *See Landry v. Leonard,* 720 A.2d 907, 909–10 (Me.1998) (no duty to defend when policy excluded liability for bodily injury expected or intended by the insured and insured was convicted of robbery in connection with commission of an armed robbery); *Perreault v. Maine Bonding & Cas.,* 568 A.2d 1100, 1101 (Me.1990) (no duty to defend when policy included an expected or intended injury exclusion and insured was convicted of unlawful sexual contact committed against a child).

Although *Bragg, Landry,* and *Perreault* each involved a different coverage exception—exclusions for expected or intended bodily injury rather than a criminal act exception—and convictions for crimes other than manslaughter, the Court nevertheless is persuaded that the rationale of those three cases is applicable to the instant case and supports the consideration of Schofield's manslaughter conviction in addition the facts alleged in the Marr Action complaint.[4] Schofield's conviction satisfies the requirements set forth in *Bragg* for offensive, nonmutual collateral estoppel: the issue to be established by collateral estoppel (whether Schofield's conduct toward Logan which resulted in Logan's death was criminal) is identical to the issue previously litigated in her criminal trial; the criminality of her conduct was determined by a prior final judgment; and she had a fair opportunity and incentive to litigate the issue in her criminal trial. *See Bragg,* 589 A.2d at 37. Further, the public policy considerations discussed in *Landry* and *Perreault* weigh in favor of consider-

ing Schofield's manslaughter conviction. In examining an insurer's duty to defend, the Maine Law Court has said that "[t]he general rule is that it is against public policy for insurance to indemnify an insured against his [or her] own criminal acts." *Landry,* 720 A.2d at 909. Holders of homeowner's insurance policies do not intend that victims' injuries caused by an insured's criminal act be covered by insurance, and they do not expect to pay premiums to share in the coverage of such risks. *See id.* at 909–10; *Perreault,* 568 A.2d at 1102. Therefore, the Court considers Schofield's manslaughter conviction in determining whether Teachers has a duty to defend Schofield in the Marr Action.

■ However, even taking the conviction into account, the Court cannot conclude that there could be no facts developed at trial that could establish coverage under the policy. The complaint in the Marr Action includes allegations of various wrongful conduct by Schofield, including alleged neglect and abuse of Logan prior to the date of Logan's death. *See, e.g.,* Stipulation, Exhibit A ¶¶ 86–88, 157–59. If the allegations in the Marr Action complaint were limited to Schofield's conduct resulting in Logan's death, her criminal conviction would be dispositive of Teachers' duty to defend—Teachers would have no such duty. Because the complaint includes allegations of separate bodily injury, the Court finds that Teachers has a duty to defend Schofield in the Marr Action.[5]

---

4. Indeed, the criminal act exception at issue in this case is a much broader exception that does not require the Court to determine whether expected or intended injury is inherent in a particular conviction.

5. Teachers points out that the policy does not require a conviction to preclude coverage under its criminal act exclusion, only that the

conduct "constitutes a violation of any criminal law or statute." Stipulation ¶ 12, Exhibit B–1 at 16. The absence of a conviction for the subject conduct prevents the employment of collateral estoppel to establish conclusively the criminality of the conduct. The Court draws no conclusions about Teachers' ultimate duty to indemnify Schofield for any alleged bodily injury caused outside the context

The Court **ORDERS** that Plaintiff Teachers Insurance Company's Motion for Summary Judgment be, and it is hereby, **DENIED**.

of the bodily injury culminating in Logan's death on January 31, 2001.