MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2013 ME 68
Docket:       Cum-12-387
Argued:       April 11, 2013
Decided:      July 16, 2013

Panel:        SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

CHALMERS HARDENBERGH

v.

PATRONS OXFORD INSURANCE COMPANY

LEVY, J.

[¶1]  Patrons Oxford Insurance Company appeals from a summary judgment of the Superior Court (Cumberland County, *Wheeler, J.*) declaring that Patrons Oxford has a duty to defend Chalmers Hardenbergh, pursuant to his homeowners insurance policy, against a third-party suit.  Patrons Oxford contends that it has no duty to defend Hardenbergh because the third-party suit is based entirely on activity falling within the policy's exclusion for the insured's "business pursuits." We agree, vacate the judgment, and remand the case to the Superior Court for entry of a summary judgment in favor of Patrons Oxford.

## I.  BACKGROUND

[¶2]  The following undisputed facts appear in the summary judgment record unless otherwise indicated.  At all times relevant to this suit, Hardenbergh

2

maintained a homeowners insurance policy with Patrons Oxford.[1] Pursuant to an endorsement to that policy, Patrons Oxford has a duty to defend Hardenbergh from claims for "personal injury," including from claims for "injury arising out of . . . libel, slander or defamation of character." Explicitly excluded from this coverage are claims for "injury arising out of the business pursuits of any insured."

[¶3]   In September 2011, Pan Am Systems, Inc. and two other named plaintiffs (collectively, Pan Am) filed a complaint in the United States District Court against Hardenbergh; C.M. Hardenbergh, P.A., a Maine corporation; and Atlantic Northeast Rails & Ports, a publication owned by the corporation. Paragraph 12 of the Pan Am complaint alleges that Hardenbergh and/or the other defendants "published, without privilege, as fact untrue information regarding [Pan Am] in Atlantic Northeast Rails & Ports Newsletters and E-Bulletins, as well as on the Atlantic Northeast Rails & Ports website; such publications contained false and defamatory statements . . . including, but not limited to," certain specifically identified statements made in those publications.

[¶4]   Paragraph 14 alleges that Hardenbergh and/or the other defendants "published false and defamatory statements about [Pan Am] including, but not limited to, those described in paragraph 12." Paragraph 15 states, "[t]he false and

_____

[1] Patrons Oxford issued a one-year homeowners insurance policy to Hardenbergh in November 2006. Although only the 2006 policy appears in the summary judgment record, the parties do not dispute that the operative language of the 2006 policy is identical to the operative language of the policy in effect at the times relevant to this case.

defamatory statements were published without privilege by Defendants to viewers of the Atlantic Northeast Rails & Ports' Newsletters, E-Bulletins and website."

[¶5]   The Pan Am complaint also alleges that "Atlantic Northeast Rails & Ports is a widely read weekly trade newsletter and e-bulletin covering the Northeastern United States, Eastern Quebec and the Canadian Maritimes regions, with a place of business in Yarmouth, Maine."  Further, "Atlantic Northeast Rails & Ports maintains a website that contains back issues of its newsletters, maps and a database about shippers, ports, railroads and intermodal facilities."  Paragraph 7 alleges, "Hardenbergh is the editor, publisher, owner and principal of Atlantic Northeast Rails & Ports."

[¶6]  In response to the Pan Am complaint, Hardenbergh tendered defense of the suit to Patrons Oxford.  Patrons Oxford declined to defend Hardenbergh.

[¶7]  In January 2012, Hardenbergh filed in the Superior Court a complaint seeking a declaratory judgment that Patrons Oxford has a duty to defend him in the pending action by Pan Am.  Hardenbergh also sought to recover money damages for costs he had incurred to defend himself in that action.  Patrons Oxford moved to dismiss Hardenbergh's complaint pursuant to M.R. Civ. P. 12(b)(6).  Hardenbergh opposed that motion and moved for summary judgment.  Patrons Oxford filed a cross-motion for summary judgment.

4

[¶8] In May, while this matter was pending in the Superior Court, the United States District Court dismissed, with leave to amend, the Pan Am complaint against Hardenbergh. In June, Pan Am filed an amended complaint, which also names Hardenbergh as a defendant.

[¶9] In July, after a hearing on the parties' motions, the Superior Court granted Hardenbergh's motion for summary judgment, and denied Patrons Oxford's motions to dismiss and for summary judgment. The court concluded that Patrons Oxford had a duty to defend Hardenbergh against the original Pan Am complaint based on the complaint's "including, but not limited to" language, which the court determined could include statements Hardenbergh made in his individual capacity and outside of the policy's "business pursuits" exclusion. The court did not address whether Patrons Oxford has a duty to defend against the amended Pan Am complaint.

## II. DISCUSSION

[¶10] Patrons Oxford appeals, contending that the trial court should have granted summary judgment in its favor because it has no duty to defend Hardenbergh against the Pan Am lawsuit. Before addressing Patrons Oxford's arguments, we consider, sua sponte, whether the United States District Court's dismissal of the Pan Am complaint, and Pan Am's filing of an amended complaint, renders this appeal moot.

A.     Mootness

[¶11]  An appeal is moot "when there is no real and substantial controversy, admitting of specific relief through a judgment of conclusive character."  *Doe I v. Williams*, 2013 ME 24, ¶ 14, 61 A.3d 718 (quotation marks omitted).  Here, the duty to defend against the original Pan Am complaint arose, if at all, upon its filing.  *See Horace Mann Ins. Co. v. Me. Teachers Ass'n*, 449 A.2d 358, 360 (Me. 1982).  Regardless of whether Patrons Oxford has a duty to defend against the amended complaint, an issue that the trial court did not address and thus is not properly before us, Hardenbergh alleges in this action that he has incurred costs in defending against the original complaint, and he seeks damages.  Thus, Patrons Oxford's appeal retains its "controversial vitality," and is therefore not moot. *See Doe I*, 2013 ME 24, ¶¶ 14, 18, 61 A.3d 718; *see also Smith & Nephew Inc. v. Fed. Ins. Co.*, 113 F. App'x 99, 102, 105 (6th Cir. 2004) (applying Tennessee law and federal procedural rules to hold that the filing of an amended complaint does not render moot the issue of whether a duty existed to defend against the original complaint).

B.     Duty to Defend

[¶12]  Patrons Oxford argues that the trial court should have concluded that Patrons Oxford has no duty to defend against the original Pan Am complaint because the allegations of the complaint fall within the policy's "business pursuits"

6

exclusion. Our review of whether the trial court erred in granting summary judgment in favor of Hardenbergh is de novo.[2] *See Mitchell v. Allstate Ins. Co.*, 2011 ME 133, ¶ 8, 36 A.3d 876.

[¶13] Whether Patrons Oxford has a duty to defend depends on whether the complaint "contains any allegations that, if proved, could fall within the coverage afforded by the policy." *Cox v. Commonwealth Land Title Ins. Co.*, 2013 ME 8, ¶ 9, 59 A.3d 1280. An insurer's duty to defend arises exclusively from the allegations in the complaint and the language of the policy. *See id.* Thus, "[a]n insurer may properly refuse to defend a policyholder if the allegations of the complaint fall entirely within a policy exclusion." *Mitchell*, 2011 ME 133, ¶ 13, 36 A.3d 876.

[¶14] We begin by examining the language of the policy to determine the scope of coverage, and then turn to the language of the original Pan Am complaint to determine whether it falls within the scope of the policy's coverage. In construing the language of an insurance policy, we interpret unambiguous language in accordance with its plain meaning. *See Cox*, 2013 ME 8, ¶ 8, 59 A.3d

---

[2] The trial court considered the parties' competing motions for summary judgment, as well as Patrons Oxford's motion to dismiss the complaint pursuant to M.R. Civ. P. 12(b)(6). We review the court's grant of Hardenbergh's motion for summary judgment, and its denial of Patrons Oxford's cross-motion for summary judgment, and do not directly review the court's denial of Patrons Oxford's motion to dismiss the complaint. *See* M.R. Civ. P. 12(b) (providing that "[i]f, on a [Rule 12(b)(6) motion], matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56").

1280. We strictly construe policy exclusions in favor of coverage. *See Mitchell*, 2011 ME 133, ¶ 11, 36 A.3d 876.

[¶15] Pursuant to the endorsement to the policy, Patrons Oxford has a duty to defend Hardenbergh against claims for damages for "injury arising out of . . . libel, slander or defamation of character." The endorsement, however, explicitly excludes from coverage "injury arising out of the business pursuits of any insured." The policy does not define the term "business pursuits," but defines "business" to "include[] trade, profession or occupation." Because the term "business pursuits" pertains to an exclusion from coverage, we strictly construe that term against Patrons Oxford, interpreting it to mean pursuit of one's "trade, profession or occupation." *See id.* Thus, the policy requires Patrons Oxford to defend Hardenbergh against claims of injury arising out of "libel, slander or defamation of character," unless the injury arose out of Hardenbergh's pursuit of his "trade, profession or occupation."

[¶16] We now turn to the original Pan Am complaint to determine whether it "contains any allegations that, if proved, could fall within the coverage afforded by the policy." *See Cox*, 2013 ME 8, ¶ 9, 59 A.3d 1280. Because the complaint includes claims for defamation, Patrons Oxford properly concedes that it has a duty to defend Hardenbergh unless the allegations of the complaint fall entirely within the "business pursuits" exclusion. To make this determination, we consider the

8

allegations in the complaint regarding the publications in which the alleged defamatory statements appeared, and Hardenbergh's relationship to those publications.

[¶17]  According to the complaint, all of the alleged false or defamatory statements appeared in Atlantic Northeast Rails & Ports publications.  Although paragraph 12 of the complaint alleges defamation arising from statements "including, but not limited to," statements specifically described in the complaint, it also unequivocally alleges that all of the actionable statements appeared in Atlantic Northeast Rails & Ports publications.  Similarly, although paragraph 14 alleges that Hardenbergh and/or other defendants "published false and defamatory statements about [Pan Am] including, but not limited to, those described in paragraph 12," paragraph 15 alleges that "[t]he false and defamatory statements were published without privilege by Defendants to viewers of the Atlantic Northeast Rails & Ports' Newsletters, E-Bulletins and website."  Read in its entirety, the complaint alleges defamation arising only out of statements appearing in Atlantic Northeast Rails & Ports publications.

[¶18]  We therefore turn to the question of whether Hardenbergh's activity with regard to Atlantic Northeast Rails & Ports falls within the definition of a "business pursuit."  The complaint describes Hardenbergh as the "editor, publisher, owner and principal of Atlantic Northeast Rails & Ports," which is "a widely read

weekly trade newsletter and e-bulletin" that has "a place of business in Yarmouth, Maine." As the policy states, "'[b]usiness' includes trade." In short, all of the alleged defamatory statements appeared in a trade publication, which has a place of business and for which Hardenbergh is the "editor, publisher, owner and principal."

[¶19] The "including, but not limited to" language of paragraphs 12 and 14 of the complaint does not support the opposite conclusion. Although that language is indefinite as to the specific statements supporting the defamation claim, the complaint is definite that the statements Hardenbergh allegedly made all appeared in pursuit of a trade—the publishing of an electronic and print trade publication for which he serves as the "editor, publisher, owner and principal." Statements published in a trade publication by that publication's "editor, publisher, owner and principle" arise out of that person's "business pursuits."

[¶20] Because the allegations in the original Pan Am complaint fall entirely within the "business pursuits" exclusion of the policy, Patrons Oxford has no duty to defend Hardenbergh against that complaint. *See id.* Accordingly, the trial court erred in granting summary judgment for Hardenbergh, and should have granted

Patrons Oxford's motion for summary judgment.[3] *See Mitchell*, 2011 ME 133, ¶ 8, 36 A.3d 876.

The entry is:

> Judgment vacated. Remanded for entry of a summary judgment in favor of Patrons Oxford declaring that Patrons Oxford had no duty to defend Hardenbergh against the original Pan Am complaint.

------

**On the briefs:**

James M. Bowie, Esq., and Hillary J. Bouchard, Esq., Thompson & Bowie, LLP, Portland, for appellant Patrons Oxford Insurance Company

Jeffrey T. Edwards, Esq., and Jonathan G. Mermin, Esq., Preti Flaherty Beliveau & Pachios, LLP, Portland, for appellee Chalmers Hardenbergh

**At oral argument:**

James M. Bowie, Esq., for appellant Patrons Oxford Insurance Company

Jeffrey T. Edwards, Esq., for appellee Chalmers Hardenbergh

Cumberland County Superior Court docket number CV-2012-00034
FOR CLERK REFERENCE ONLY

------

[3] The parties do not contest the Superior Court's conclusion that, insofar as Hardenbergh's complaint for declaratory relief and the parties' motions for summary judgment requested a determination of whether Patrons Oxford has a duty to indemnify Hardenbergh in the underlying action, such a claim is premature. Accordingly, we do not address this issue. Further, we do not consider and express no opinion regarding Patrons Oxford's duty, if any, to defend against the amended Pan Am complaint, a question not addressed by the Superior Court and therefore not properly before us.