MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2016 ME 181
Docket:       And-16-76
Argued:       November 9, 2016
Decided:      December 20, 2016

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

BARNIE'S BAR & GRILL, INC.

v.

UNITED STATES LIABILITY INSURANCE COMPANY

GORMAN, J.

[¶1]  Barnie's Bar & Grill, Inc., appeals from the entry of a summary judgment in the Superior Court (Androscoggin County, *MG Kennedy, J.*) in favor of United States Liability Insurance Company ("USLIC") on a complaint by Barnie's Bar seeking declaratory relief and damages for a breach of contract.  The Superior Court concluded that USLIC had no duty to defend Barnie's Bar in an underlying negligence action because policy exclusions for assault and battery applied.  We affirm the judgment.

I.  BACKGROUND

[¶2]  The facts in this case are undisputed.  On July 14, 2014, Maurice Beaulieu filed a civil lawsuit in the Superior Court seeking compensatory damages, interest, and costs from Barnie's Bar in Lewiston for its alleged

2

negligence. In his complaint, Beaulieu alleged that he "was violently attacked by a group of [other] patrons" while he "was a customer, licensee and invitee" at the bar. He asserted that Barnie's Bar was liable for the attack for two reasons. First, Beaulieu contended that, although Barnie's Bar "had general and specific notice of the risk that an assault was imminent," Barnie's Bar breached its duty of care to prevent or interfere with the assault by "failing to summons law enforcement and otherwise failing to interfere with the assault and battery." Second, Beaulieu claimed that Barnie's Bar breached its duty of care "not to create a dangerous circumstance on its premises" by "affirmatively ejecting" him and his assailants into the parking lot at the same time.

[¶3] At all relevant times, Barnie's Bar held an insurance policy from USLIC that included both commercial general liability and liquor liability coverage. Both coverage portions, however, contained comprehensive exclusions for assault and battery. The commercial general liability coverage, in relevant part, excluded

> Any claim, demand or "suit" based upon any actual or alleged "assault" or "battery", or out of any act or omission in connection with the prevention or suppression of any "assault" or "battery" . . . whether caused by or at the instigation or direction of an insured, its "employees", agents, officers or directors, patrons or any other person. Further, no coverage is provided for any claim,

demand or "suit" in which the underlying operative facts constitute "assault" or "battery".

This exclusion applies to all "bodily injury", "property damage" or "personal and advertising injury" sustained by any person, including emotional distress and mental anguish, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving "assault" or "battery" whether alleged, threatened or actual including but not limited to "assault" or "battery" arising out of or caused in whole or in part by negligence or other wrongdoing with respect to:

. . . .

b. investigation or reporting any "assault" or "battery" to the proper authorities; or

c. the failure to so report or the failure to protect any person while that person was in the care, custody or control of the insured, its "employees", agents, officers or directors;

. . . .

The assault and battery exclusion in the liquor liability portion of the policy was similarly comprehensive.

[¶4] After Barnie's Bar requested that USLIC defend it in the Beaulieu litigation, the insurer declined to defend the bar relying on the policy's exclusions for assault and battery. Barnie's Bar then sued USLIC in Superior Court, seeking a declaratory judgment that USLIC had a duty to defend it in the Beaulieu litigation and seeking damages for a breach of contract. Barnie's Bar and USLIC filed cross-motions for summary judgment on a joint stipulated

record.  *See* M.R. Civ. P. 56.  Concluding that USLIC had no contractual duty to defend Barnie's Bar, the court granted USLIC's motion and denied Barnie's Bar's motion for summary judgment.  Barnie's Bar appealed.

## II.  DISCUSSION

[¶5]  We review a ruling on a motion for summary judgment de novo and analyze an insurer's duty to defend as a question of law.  *Mitchell v. Allstate Ins. Co.*, 2011 ME 133, ¶ 8, 36 A.3d 876.  Because there is no dispute of material fact in this case, we need address only whether USLIC had a duty to defend Barnie's Bar in the Beaulieu litigation as a matter of law.

A.     The Duty to Defend

[¶6]  To determine whether an insurer is contractually obligated to defend an insured in an underlying lawsuit, we have long employed the aptly named "comparison test," in which we compare the allegations in the underlying complaint with the terms of the applicable insurance policy to determine whether the complaint falls within the policy's coverage.  *Id.* ¶¶ 9-10.  We have consistently applied a broad construction of the underlying complaint in favor of the insured and a strict construction of policy exclusions and ambiguities against the insurer.  *See id.* ¶ 11; *Elliott v. Hanover Ins. Co.*, 1998 ME 138, ¶ 7, 711 A.2d 1310; *Union Mut. Fire Ins. Co. v.*

*Commercial Union Ins. Co.*, 521 A.2d 308, 311 (Me. 1987).  Our body of case law should not, however, be misread as obliging courts to conjure the duty to defend from speculation or supposition.  *See York Golf & Tennis Club v. Tudor Ins. Co.*, 2004 ME 52, ¶ 8, 845 A.2d 1173 ("[In determining the duty to defend,] we do not speculate about causes of action that were not stated."); *see also* 14 Lee R. Russ & Thomas F. Segalla, *Couch on Insurance* § 200:19 at 200-33 (3d ed. 2005) (stating that the duty to defend "cannot be triggered by mere speculation that additional facts or causes of action will be developed at a later time").  Although the duty to defend is broad, "[a]n insurer may properly refuse to defend a policyholder if the allegations of the complaint fall entirely within a policy exclusion." *Mitchell*, 2011 ME 133, ¶ 13, 36 A.3d 876.

[¶7]  In applying the comparison test, we examine the underlying complaint for *any potential* factual or legal basis that may obligate the insurer to defend the insured, *id.* ¶ 10, even the mere "intent to state a claim within the insurance coverage," *Lavoie v. Dorchester Mut. Fire Ins. Co.*, 560 A.2d 570, 571 (Me. 1989).  We confine this examination to the language of the underlying complaint. *Mitchell*, 2011 ME 133, ¶ 9, 36 A.3d 876; *Hardenbergh v. Patrons Oxford Ins. Co.*, 2013 ME 68, ¶ 13, 70 A.3d 1237 ("[T]he duty to defend arises exclusively from the allegations in the complaint and the

6

language of the policy.").  Except in rare circumstances, *see State Mut. Ins. Co. v. Bragg*, 589 A.2d 35, 37 (Me. 1991), we will not consider facts extrinsic to the underlying complaint nor will we read allegations into the complaint in determining whether the insurer has a duty to defend, *see York Ins. Grp. of Me. v. Lambert*, 1999 ME 173, ¶¶ 4-5, 740 A.2d 984; *Penney v. Capitol City Transfer*, 1998 ME 44, ¶¶ 6-7, 707 A.2d 387; *Horace Mann Ins. Co. v. Me. Teachers Ass'n*, 449 A.2d 358, 360-61 (Me. 1982).

B.    The USLIC Policy and the Beaulieu Complaint

[¶8]  Applying the comparison test to the instant case, we are faced with policy exclusions that are so broadly written and an underlying complaint that is so narrowly drafted that there are simply no intersections between the policy and the complaint in which to find coverage.  Barnie's Bar's policy with USLIC contained comprehensive exclusions for claims "based upon any actual or alleged 'assault' or 'battery', or . . . any act or omission in connection with the prevention or suppression of any 'assault' or 'battery' . . . whether caused by . . . an insured, its 'employees', . . . patrons or any other person" and "any 'suit' in which the underlying operative facts constitute 'assault' or 'battery.'" The only allegations of fact and law found in the Beaulieu complaint relate to the assault and battery on the bar's premises.  Even liberally construing the

Beaulieu complaint in favor of Barnie's Bar, there is no allegation—or even the hint of an intent to state an allegation—that escapes the USLIC policy's exclusions for assault and battery.

[¶9]   Although Barnie's Bar urges us to conclude that Beaulieu's allegation that the bar breached a duty of care "not to create a dangerous circumstance on its premises" is an allegation of general negligence pursuant to which Beaulieu might prove facts that fall within the policy's coverage at trial, we cannot do so.  The very next paragraph of the Beaulieu complaint alleges that "Barnie's breached *that* duty of care" (emphasis added) by simultaneously ejecting Beaulieu and his assailants into the parking lot, leaving no doubt that the "dangerous circumstance" on the premises was the attack rather than some action or hidden defect or condition unmentioned in the complaint.  As we have stated, the comparison test is limited to the language of the underlying complaint and the insurance policy.  *See Elliott*, 1998 ME 138, ¶¶ 6-7, 711 A.2d 1310.  Just as we cannot read extrinsic facts or allegations *into* an underlying complaint in the comparison test, we cannot selectively read facts or allegations *out of* that complaint in order to conclude that the insurer has a duty to defend, and we will not do so in this instance.

[¶10] Because the allegations of the Beaulieu complaint fall squarely within the policy's exclusions for assault and battery, we conclude that USLIC was not obligated to defend Barnie's Bar in that litigation.[1]

The entry is:

Judgment affirmed.

---

Marc N. Frenette, Esq. (orally), Trafton, Matzen, Belleau & Frenette, LLP, Auburn, for appellant Barnie's Bar and Grill, Inc.

Robert C. Hatch, Esq., and Hillary J. Bouchard, Esq. (orally), Thompson, Bowie & Hatch, LLC, Portland, for appellee United States Liability Insurance Company

Androscoggin County Superior Court docket number CV-2015-36
FOR CLERK REFERENCE ONLY

---

[1] On appeal, Barnie's Bar also contends that a duty to defend arises from assault and battery coverage that it acquired from USLIC after the events alleged in the Beaulieu complaint. We are not persuaded by this argument and do not discuss it further.